Peter Adoption Case.

Argued March 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*James Francis Lawler,* for appellant.

*George E. Letchworth, Jr.,* for appellee.

OPINION BY HIRT, J., July 13, 1954:

In this proceeding for the adoption of Denise Marie Peter, the petitioners were an aunt and uncle of the child. The parents had separated and the mother, Dorothy Peter, had not consented to the adoption. When served with notice of the petition she contacted James Francis Lawler, Esq., through the Lawyers Reference Service of the Philadelphia Bar Association and arranged with him to represent her. He attended the hearing with her on June 24, 1953 and, in addition to cross-examining the petitioners and their witnesses, conducted the mother's defense in contesting the adoption. The record of the hearing will show the actual appearance of Mr. Lawler in the interests of the mother at the hearing. Briefs were requested by the court and Mr. Lawler prepared a brief on behalf of Dorothy Peter and filed it with the court as her counsel on June 29, 1953.

The court granted the prayer of the petition and entered a decree of adoption on August 3, 1953. On November 25, 1953, twenty-one days after the statutory

8

period for appeal had elapsed (§4 of the Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136) he petitioned for an allowance of an appeal nunc pro tunc on behalf of his client. In his petition he averred that he had filed a written appearance for Dorothy Peter, with the "adoption clerk" at the time of the hearing, dated June 24, 1953. It was also averred by him that on November 16, 1953 she informed him that she had heard rumors of a change in the name of the child in the Bureau of Vital Statistics in Harrisburg. He then, on investigation, first learned that a decree had been entered and the petition for appeal was presented within a week thereafter. The date of the actual docket entry of the filing of the written appearance of counsel for Dorothy Peter, allegedly placed in the hands of the clerk of the court at the time of the hearing, is August 19, 1953, which was fifteen days after the decree had been entered.

It is unimportant that the truth of the factual averments in the petition for the appeal are not established by testimony. It seems clear that solely on the admission of the parties, to whom the child was awarded in the adoption decree, the appeal should be allowed. In their reply it is conceded that notice of the decree of the court dated August 3, 1953 "was not given to appellant or to her counsel."

It is the general rule that where an act of assembly prescribes the time within which an appeal must be taken, courts may not extend it or allow an appeal at a later day as a matter of indulgence. *Tuttle Unemp. Compensation Case*, 160 Pa. Superior Ct. 46, 49 A. 2d 847; *Adelman, Trustee v. J. McShain, Inc.*, 148 Pa. Superior Ct. 138, 24 A. 2d 703. But although mere hardship is insufficient to justify an appeal after the statutory period has elapsed (*Turner Unemployment Comp. Case*, 163 Pa. Superior Ct. 168, 60 A. 2d 583)

yet the allowance of an appeal, nunc pro tunc, is a power which a court on proper occasion may exercise. *Upper St. Clair Township Appeal*, 172 Pa. Superior Ct. 295, 94 A. 2d 91. Here the undisputed fact is that appellant's counsel was present and that he actively represented her at the hearing on June 24, 1953 and, regardless of whether a written appearance of counsel had been filed of record, either he or his client was entitled to notice of the decree. This is particularly true in a case of this nature where the future welfare of a child is at stake. Because of the failure of the clerk of the lower court to notify Dorothy Peter or her counsel of the decree terminating her relationship as parent of the child, and sanctioning its adoption by others, an appeal nunc pro tunc is proper in this case. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154.

Motion to quash refused.