PRUDENTIAL OIL & MINERALS COM-
PANY, a Utah Corporation,
Appellant,

v.

Robert G. HAMLIN, Appellee.

Robert CRAIL and H. M. Scheurn,
Appellants,

v.

Roy JONES, Third-Party Defendant.

No. 6022.

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1958.

Dan S. Bushnell, Salt Lake City, Utah, for appellants.

Glenn C. Hanni, Salt Lake City, Utah, for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Entry of judgment was made herein by the District Court for the District of Utah on June 24, 1958, and notice of appeal was filed in that court upon the 31st calendar day thereafter, Friday, July 25, 1958. The preceding day, July 24, was a legal holiday within the State of Utah, designated as such by statute,[1] and ob-

1. 63-13-2, Utah Code Ann., 1953.

served state-wide as Pioneer Day in commemoration of the arrival in 1847 of the first large and permanent group of settlers in the State of Utah. The question thus presented is whether or not a statutory state holiday is a "legal holiday" or "holiday" within the purview of Rule 6(a), Federal Rules of Civil Procedure, 28 U.S.C.A., so as to be excluded in the computation of time set by Rule 73(a). Rule 6(a) provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holi-, day, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday."

■■■ Rule 6(a) should be liberally and realistically construed to accomplish that which the rule recognizes: the general suspension of work and labor upon Sunday and other days set aside for observance of a public purpose. Pioneer Day is such a day in Utah. Our record reveals that on the July 24th in question federal administrative employees were excused from work through administrative directive, no mail delivery was made, and the office of the Clerk of the District Court, technically open through the compulsion of 28 U.S.C.A. § 452, was in fact locked and unattended. Although Congress has designated certain days to be legal public holidays and recognized others as existent, 5 U.S.C.A. § 87a, there is nothing in such enactment to indicate an intent to create a statutory limitation upon the term. We believe the term "legal holiday" as used in Rule 6(a) includes statutory state holidays. See

Moore, Federal Practice, Vol. 2, Rule 6a, para. 6.05; Hughes, Federal Practice & Procedures, Sec. 19326.

The motion to dismiss the appeal is denied.