ALFRED WALLIS v. STATE OF ARKANSAS

SHANON D. BRIDGES ET UX v. UNITED SAVINGS ASSOCIATION ET AL

5381 and 5-4732                    430 S.W. 2d 860

Opinion delivered September 3, 1968

*Henry S. Wilson* for appellant Alfred Wallis; *Sam Sexton, Jr.* and *William M. Stocks* for appellants Shanon D. Bridges et ux.

*Joe Purcell*, Atty. Gen.; *Don Langston*, Asst. Atty. Gen. for appellee State of Arkansas.

*Warner, Warner, Ragon & Smith* for appellees United Savings, et al.

GEORGE ROSE SMITH, Justice.    In these two cases, one criminal and the other civil, the clerk of this court refused to accept the tendered records on the ground that in each case an essential procedural step had been taken too late.    Each appellant filed a motion for a rule on the clerk, under our Rule 5.    We are disposing of both motions in one opinion, because the controlling issue is common to both cases.

In *Wallis* v. *State* the judgment below was entered on March 26, 1968.    Under the statute the 60-day time for appeal may be extended by the trial judge by an order entered prior to the expiration of the original 60 days.    Ark. Stat. Ann. § 43-2701 (Repl. 1964).    Here the appellant did not obtain an extension order until May 27, which was the 62nd day.    It is shown, however, that the county courthouse was closed on the 60th and 61st days, because they were Saturday and Sunday.

In the civil case the movant mailed the record in Fort Smith in time for it to reach our clerk's office on June 8, 1968, which was the last day allowed for the filing of the record.    The record was not actually delivered to the clerk's office until June 10, because June 8 was a Saturday.    For a number of years the offices in the state capitol and its adjacent buildings—including our clerk's office—have been closed on Saturday as well as on Sunday.    No mail is delivered to those offices on either day.

We hold that the litigants acted within time.    The legislature certainly meant for the parties to have the full time allowed by the statutes.    It is a fair and familiar rule that no one should be prejudiced by the action of the court.    *Bartlett* v. *Standard Life and Acci-*

*dent Insurance Company* 223 Ark. 37, 264 S.W. 2d 46
(1954). We see no real difference between these cases
and that of *Parrish Esso Service Center* v. *Adams,* 237
Ark. 560, 374 S.W. 2d 468 (1964). There the offices of
the Workmen's Compensation Commission were cus-
tomarily closed on Saturday and Sunday. We held
that where the last day for filing a claim fell on Sat-
urday, the claim was timely when it reached the Com-
mission by mail on the following Monday. Our rea-
soning in that case applies with equal force to the ones
at bar. Unless the governing statute should inescap-
ably compel the contrary conclusion, we adopt the rule
that when in a judicial proceeding the last day for a
litigant's action falls on Saturday or Sunday or a holi-
day, and the closing of a public office prevents him from
taking the necessary action on the designated day, his
time is thereby extended to the next day on which the
office in question is open for business.

The clerk is directed to file both records.

FOGLEMAN, J., disqualified in No. 5381.