Gregory Wilder HOLMAN *v.* STATE of Arkansas

CR 74-142                                    515 S.W. 2d 638

Opinion delivered November 18, 1974

No briefs.

GEORGE ROSE SMITH, Justice. The appellant was found guilty of delivering marihuana, a three-year sentence being imposed. On October 7, 1974, his attorneys sought to perfect an appeal by tendering the record to the clerk of this court. The clerk correctly refused to accept the record, because it was tendered more than seven months after the entry of the judgment. Counsel then filed the present motion, under our Rule 5, to require the clerk to docket the case. It is asserted that the error occurred because both the trial judge and the attorneys mistakenly believed that the trial judge could grant

an extension for a period of seven months beginning 90 days after the filing of the notice of appeal, when in fact the seven months runs from the entry of the judgment. Ark. Stat. Ann. § 43-2705 (Supp. 1973) and § 27-2127.1 (Supp. 1973). The trial judge has filed a statement acknowledging his error and recommending that the record be accepted.

In a recent case, *Dorsey v. State,* we entered a per curiam order allowing the record to be filed in somewhat similar circumstances. There was, however, a significant difference, in that Dorsey was an indigent person represented by court-appointed counsel. Inasmuch as postconviction relief may be available to an indigent prisoner whose right to an appeal has been lost through the carelessness or incompetence of appointed counsel, we have avoided circuity of action by allowing a belated appeal, as in *Dorsey.*

Here, however, the appellant appears to be represented by retained counsel. It was formerly the general rule that the failure of retained counsel to perfect an appeal did not entitle the client to any relief. See annotation, 74 A.L.R. 2d 1457 (1960). Since the decision in *Douglas v. California,* 372 U.S. 353 (1963), however, some courts have held that gross incompetence or gross negligence on the part of retained lawyers may involve a denial of due process or equal protection. *United States ex rel. O'Brien v. Maroney,* 423 F. 2d 865 (3rd Cir. 1970); *Shipman v. Gladden,* 453 P. 2d 921 (Ore., 1969).

We need not explore that area of developing legal theory, for in the case at hand a misunderstanding shared by counsel and by the trial judge brought about the tardy tender of the record. A litigant should not be prejudiced by the action of the court. *Wallis v. State,* 245 Ark. 29, 430 S.W. 2d 860 (1968). Moreover, when, as in the present case, a fairly recent statutory change had led to an error on the part of an attorney, we have allowed a short period of grace before requiring strict adherence to the new law. *Gallman v. Carnes,* 254 Ark. 155, 492 S.W. 2d 255 (1973). We therefore permit the record to be filed in this instance, but after January 1, 1975, the statute will be applied according to its terms.

The requested rule on the clerk is granted.