## Petty v. Petratos

*Richard B. Gelade*, for plaintiffs.
*Gordon G. Erdenberger*, for defendants.

588

KELTON, *J.*, July 3, 1979—This trespass case, arising out of a motor vehicle accident which occurred in 1976, involves a unique question which, to our knowledge, has not heretofore been addressed by any Pennsylvania court. The sole issue presented by defendants' motion for summary judgment is whether plaintiffs may be excused from failing to file their complaint within the statute of limitations[1] period where a snowstorm had forced the closing of the courthouse on the last day for timely filing. Under the circumstances presented by this case, and after consideration of the pleadings, depositions and docket entries, we hold that plaintiffs' complaint should be considered as having been properly filed. We, therefore, deny the motion for summary judgment.

The facts of the case, which are substantially not in dispute, are as follows. On January 20, 1976, the parties were involved in an automobile collision. Several months later, plaintiffs contacted a New Jersey lawyer, Richard Piepszak, Esq., for the purpose of initiating a suit. Eventually, it became apparent that the action would have to be tried in Pennsylvania and since Mr. Piepszak was not licensed to practice in this State, he contacted a Bucks County attorney, Richard Gelade, Esq., who agreed to take the case. On January 19, 1978, the file was delivered to Mr. Gelade's office, and a complaint was drawn up. Plaintiffs were then to be brought to Gelade's office by Mr. Piepszak on January 20 where they were to sign the complaint and have it taken to the prothonotary for filing.

Plaintiffs' plans, however, were disrupted by a

---

1. Act of June 24, 1895, P.L. 236, sec. 2, 12 P.S. §34; now incorporated in the Judicial Code at 42 Pa.C.S.A. §5524(2).

blizzard type snowfall on the night of January 19, and upon making separate calls to the courthouse on the morning of January 20, both attorneys were informed by recorded message that the courthouse was closed for the day on account of the storm. Accordingly, plaintiffs did not sign the complaint until the following Monday, January 23, 1978. On the same day, it was finally filed in the office of the prothonotary. The question of the running of the statute of limitations was then raised in defendants' new matter and the answer thereto. After both of plaintiffs' counsel were deposed concerning their efforts to initiate the action, defendants filed their motion for summary judgment which is presently before us pursuant to Bucks County R.C.P. *266.

It is abundantly clear under Pennsylvania law that statutes of limitation are to be strictly construed, and may not be extended where there has been a mistake, misunderstanding, or other hardship on the part of a plaintiff: Walters v. Ditzler, 424 Pa. 445, 227 A. 2d 833 (1967); Dixon Estate, 443 Pa. 303, 305, 279 A. 2d 39 (1971); and cases cited therein. Thus, under ordinary circumstances, we would have no power to grant leave to file a complaint once the statutory period has run. In this case, however, the failure to comply with the statute was due not to any negligence on the part of plaintiffs, but rather to a combination of the weather and the actions on the part of persons acting with the apparent authority of this court which prevented a timely filing.

In our opinion, the question presented in this case is closely analogous to the situation involved where an appeal nunc pro tunc is permitted because of a breakdown in the court machinery. Thus, it has been held with regard to statutory appeal periods,

the time for acquiring jurisdiction to hear appeals may be extended and that "the legislative purpose is not to foreclose a party who satisfactorily explains his delay. However, the occasion must be extraordinary and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured. There can be no extension of time as a matter of indulgence." Nixon v. Nixon, 329 Pa. 256, 259-60, 198 Atl. 154 (1938) (failure of prothonotary to give notice of decision).

As to extensions of time for acquiring court jurisdiction to hear appeals, see also Purdy Estate, 447 Pa. 439, 441, 291 A. 2d 93 (1972) (neither party received court notice), and Peter Adoption Case, 176 Pa. Superior Ct. 6, 107 A. 2d 185 (1954) (failure to give notice of adoption). While there was no default on the part of any court officers in this case, the telephone announcement of the closing of the courthouse resulted in the same consequences so far as plaintiffs were concerned. In both cases, the parties have been prevented from exercising their statutory rights by the actions of the court. In essence, plaintiffs were advised that the judicial system was not in operation on January 20, 1978.

We have found no Pennsylvania cases concerning the precise issue presented by this case. Plaintiffs rely on several decisions from other jurisdictions in support of their position.[2] Our reading of these cases, however, indicates that each dealt with a situation expressly covered by the Pennsylvania Statutory Construction Act, 1 Pa.C.S.A.

---

2. Pettigrove v. Parro Construction Corp., 44 Ill. App. 2d 421, 194 N.E. 2d 521 (1963); Evans v. Davis, 406 P. 2d 975 (Okla. 1965); David v. Sturm, Ruger and Co., Inc., 557 P. 2d 1133 (Alaska, 1976); Wallis v. State, 245 Ark. 29, 430 S.W. 2d 860 (1968); Poetz v. Mix, 7 N.J. 436, 81 A. 2d 741 (1951).

§1908. In every case from the other states, the statutory period involved ended on either a legal holiday or a weekend. The cases taken together, however, do stand for the common sense proposition that where the court offices in fact have been closed on the last day for the filing of some legal document, considerations of fairness dictate that a plaintiff should be permitted to file on the *next* available day rather than on the day *preceding* the closing of the court office.

We would also agree with plaintiff that Department of Highways v. Pennsylvania Public Utilities Commission, 189 Pa. Superior Ct. 111, 149 A. 2d 552 (1959), cited in defendants' brief, is clearly distinguishable from the case at bar. In that action, the office where the appeal was to have been filed was in fact open on the last day of the statutory period, and the plaintiff was prevented from timely filing solely by the fact that no notary could be found to take the affidavit. In our case, the office where the complaint was to be filed was itself announced to be closed and plaintiffs should not be penalized for relying on the taped telephone announcement.

While we certainly would not advise any litigant to wait until the last possible day to file pleadings, we do find that these plaintiffs had a right to expect the office of the prothonotary would be open on Friday, January 20, 1978. Therefore, we hold that when the courthouse was effectively closed on that date because of snow plaintiffs were entitled to file their complaint on the following Monday. Accordingly, we enter the following

## ORDER

And now, July 3, 1979, defendants' motion for summary judgment is hereby denied.