Ray SCOTT and Walt PATTERSON *v.* Judson C. KIDD

87-270                                        738 S.W.2d 421

Supreme Court of Arkansas
Opinion delivered November 2, 1987

*Breck G. Hopkins*, Deputy General Counsel, Department of Human Services, for appellants.

*Perroni, Rauls & Looney, P.A.*, by: *Stanley D. Rauls*, for appellee.

PER CURIAM. Ray Scott in his official capacity as Director and Walt Patterson in his official capacity as Deputy Director of the Arkansas Department of Human Services ("Directors"), have filed a petition for writ of prohibition.

On May 19, 1987, Heritage Center, Inc. ("Heritage")

petitioned the Pulaski County Circuit Court for a writ of mandamus to compel the Directors to review its application for a license to conduct a long-term health care facility. By its application, Heritage requested authorization to add an additional thirty-five beds to its existing nursing home facilities.

In the circuit court's order of June 2, 1987, dismissing the suit, the court noted in its findings that the Directors agreed to review the application under Act 593 of 1987, which was in effect at the time of submission. On June 5, 1987, the legislature amended Act 593 by passing section 6 of Act 40 of the First Extraordinary Session of 1987. The effect of this amendment was to place a moratorium on the issuance of licenses except under certain specified circumstances. Pursuant to section 6, the Directors refused to recognize the agreement recited in the findings of the court's order of June 2, 1987, to review the application.

On August 5, 1987, in the same action which Heritage had previously filed on May 19, 1987, Heritage filed a motion to compel compliance with the agreed order of June 2, 1987, or in the alternative to hold the Directors in contempt for their refusal to comply with the terms of the order and to issue a writ of mandamus to compel the Directors to review the application. On September 10, 1987, the circuit court granted the motion for writ of mandamus. On September 18, the Directors appealed the order of the circuit court and filed an application for supersedeas to stay the mandamus pending outcome of the appeal. By its order of September 21, 1987, the circuit court denied the application. On September 28, 1987, the Directors filed a petition for a writ of prohibition asking us to direct the circuit court judge to desist from any further action in the case.

A writ of prohibition is an extraordinary and discretionary writ which should not be granted unless the petitioner is clearly entitled to it and the court against which it is sought is wholly without jurisdiction. *Arkansas State Highway Comm'n* v. *Roberts*, 248 Ark. 1005, 455 S.W.2d 125 (1970). It is never issued to prohibit a lower court from erroneously exercising jurisdiction but only where a lower court is wholly without jurisdiction or is threatening to act in excess of its jurisdiction. *Springdale School Dist.* v. *Jameson, Judge*, 274 Ark. 78, 621 S.W.2d 860 (1981).

■■ Rule 60(b) of the Arkansas Rules of Civil Procedure provides the following:

> To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery or probate court may be modified or set aside on the motion of the court or any party, with or without notice to any party, within ninety (90) days of its having been filed with the clerk.

Pursuant to Ark. R. Civ. P. 60(b), the trial court loses jurisdiction to modify or set aside a judgment ninety days after judgment is filed with the clerk unless the exceptions in Ark. R. Civ. P. 60(c) are applicable. *See Mullen* v. *Couch*, 288 Ark. 231, 703 S.W.2d 866 (1986). Although the circuit court's order of June 2, 1987, made findings as to certain agreements between the parties, these agreements are of no consequence since they were not ordered into effect by the circuit court. The court's order dismissed Heritage's cause of action, nothing more. In order to have revived Heritage's cause of action, the circuit court would have had to set aside the June 2, 1987, order of dismissal within ninety days under Rule 60(b). This was not done. Accordingly, the circuit court was wholly without jurisdiction to issue the writ of mandamus in its order of September 10, 1987, to compel the Directors to review the application.

For these reasons, we grant the Director's petition for writ of prohibition.

Granted.