Lillie R. EDWARDS *v.* SZABO FOOD SERVICE, INC.

93-381                                          877 S.W.2d 932

Supreme Court of Arkansas
Opinion delivered June 20, 1994

*Frederick S. "Rick" Spencer*, for appellant.

*Lewis D. Jones*, for appellee.

STEELE HAYS, Justice. This case involves the construction and interpretation of the Arkansas Rules of Civil Procedure. The principal point on appeal is whether under ARCP Rule 4(i) a circuit court loses jurisdiction if the order granting a motion to extend the time to obtain service of process is not *signed and filed* prior to the expiration of 120 days from the filing of the complaint. We hold that where the motion to extend time is filed prior to the expiration of the 120 day period the trial court may grant the extension after the expiration of 120 days. Accordingly, we reverse and remand.

Appellant Lillie Edwards filed a complaint against the appellee, Szabo Food Service, Inc., on September 23, 1987. The appellant alleged she sustained a permanent injury due to the negligence of Szabo Food Service, Inc. On November 8, 1990 the appellant voluntarily dismissed the complaint without prejudice pursuant to ARCP Rule 41.

On September 20, 1991 the appellant filed a new complaint based on the same cause of action. Under ARCP Rule 4(i), service of the summons must be made within one-hundred twenty (120) days after the filing of the complaint. Since the complaint was filed on September 20, 1991, the 120th day would have been January 18, 1992. However, January 18, 1992 was a Saturday. Consequently, the appellant had until Monday, January 20, 1992, to complete service of process. ARCP Rule 6(a).

On January 9, 1992 the circuit judge filed an order which stated the case would be dismissed unless service was accomplished by January 20, 1992. Subsequently, the appellant attempted to complete service of process by serving the appellee at the address of the registered agent on whom service had originally been had. On January 15, 1992 a copy of a letter from "CT Sys-

tem" to the counsel for the appellant was filed with the trial court. The letter informed the counsel for the appellant that Szabo Food Service, Inc. had formally withdrawn from the state on July 17, 1989, and "CT System" was no longer authorized to accept service for the company.

Consequently, the appellant filed a motion to extend the time for service pursuant to ARCP Rule 4(i) on January 16, 1992. However, the order granting the extension of time for service was not signed by the circuit judge until January 21, 1992, and it was not filed until January 23, 1992. On December 11, 1992 the trial court granted the appellee's motion to dismiss. The trial court found the plaintiff failed to accomplish service of process within the 120 days required by ARCP Rule 4. In addition, the trial court concluded it had lost jurisdiction after the expiration of the 120 day period because an order extending the time had not been entered.

It is undisputed that the appellant filed the motion to extend time to perfect service prior to the expiration of the 120 day period allowed by ARCP Rule 4(i). Arkansas Rule of Civil Procedure 4(i) provides in part:

> Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. *If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.* [Emphasis supplied.]

The trial judge, however, did not sign or file the order granting the extension of time until after the expiration of the 120 day period. Thus, the issue is whether simply filing the motion within the time allowed is sufficient, or must the order granting the motion be signed and filed prior to the expiration of the time. We construe the language of the rule to require that only the motion to extend the time for service must be filed within 120 days of the filing of the suit.

The appellee contends the trial court loses jurisdiction after 120 days because Rule 4(i) states that if service is not made

within 120 days "the action shall be dismissed." Accordingly, the appellee submits there is no suit to be acted upon because the statute of limitations bars the appellant's claim.[1] This argument, however, ignores the fact that the trial court has the authority to extend the time for service. Under the appellee's analysis, the trial court would never have the authority to extend the time for service because the action "shall be dismissed" if service is not made within 120 days.

As to the statute of limitations, we have recognized an action is commenced when the complaint is filed with the proper court. *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). That commencement date, however, is subject to the plaintiff completing service within 120 days from the date of filing of the complaint, *unless the time for service has been extended by the court under ARCP Rule 4(i).* (Emphasis supplied.) *Id.* We noted that "[r]ule 4(i) requires the plaintiff to file his or her motion to extend within the 120 day period following the filing of the suit. *Id.* In the instant case, the motion to extend was filed within the 120 day period.

In addition, ARCP Rule 6(b) recognizes that a trial court does not necessarily lose jurisdiction for failure to enter an order granting an extension of time under the Rules of Civil Procedure. ARCP Rule 6(b) provides in part:

> Enlargement: When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the Court for cause shown may *at any time* in its discretion (1) with or without motion or notice, *order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order,* or (2) *upon motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the

---

[1] Although ARCP Rule 4(i) provides the action shall be dismissed without prejudice, the dismissal without prejudice language does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations. *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991).

time for taking an action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

(Emphasis supplied.) This rule clearly recognizes that the trial court may act *after* the expiration of a specified period of time under the Rules of Civil Procedure. Further, Rule 6(b) provides that the court may even order a period enlarged if the request therefor is made before the expiration of a period "as extended by a previous order." Thus, Rule 6(b) grants the trial court discretion, for cause shown, to extend a period which has previously been extended beyond the period originally prescribed.

Finally, the instant case is simply not a case where the trial court loses jurisdiction by failing to rule upon a motion prior to the expiration of a specified time period. For example, we have concluded that under ARCP Rule 60(b) a trial court loses jurisdiction to modify or set aside an order 90 days after the judgment is filed with the clerk, unless the exceptions in subsection (c) are applicable. *Scott* v. *Kidd*, 293 Ark. 451, 738 S.W.2d 421 (1987). Rule 60(b) provides that "a decree or order . . . may be modified or set aside . . . within ninety days of its having been filed with the clerk." The instant case, however, is not analogous to a loss of jurisdiction pursuant to ARCP Rule 60(b). First, Rule 60(b) specifically states the order may only be modified within ninety days. Second, Rule 6(b) is not applicable to actions under Rule 60(b).

In sum, we find the trial court did not lose jurisdiction at the expiration of the 120 day period simply because the order to extend time for service of process was not entered prior to the expiration of that period. In order to comply with Rule 4(i), a party need only file the motion to extend time prior to the expiration of the deadline. The appellant complied with Rule 4(i).

Reversed and remanded.