**Brittany SEACOR, an infant under the age of fourteen years, by Diane SEACOR, and Roy Seacor, her natural parents and guardians, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 90–1694V.**

United States Court of Federal Claims.

Sept. 28, 1995.

142

Ronald C. Homer, Boston, Massachusetts, for petitioners.

Mark W. Rogers, Torts Branch, Civil Division, Department of Justice, Washington, DC; with whom were Frank W. Hunger, Assistant Attorney General; Helene M. Goldberg, Director; John L. Euler, Deputy Director; and Charles R. Gross, Assistant Director, for respondent.

## OPINION

MARGOLIS, Judge.

This case is before the court on defendant's motion to dismiss. Petitioners, Brittany Seacor and her parents Diane and Roy Seacor, appeal the special master's decision denying them recovery under the National Vaccine Injury Compensation Program. Petitioners' motion for review in this court was filed one day after the 30–day deadline. Respondent, Secretary of the Department of Health and Human Services, accordingly moves for dismissal. After careful consideration of the record and after hearing oral argument, the court denies respondent's motion.

## FACTS

On March 17, 1995, Special Master Elizabeth E. Wright filed her opinion denying petitioners' claim under the National Vaccine Injury Compensation Program. On April 14, 1995, petitioners mailed their motion for review of the special master's decision to this court from Boston, Massachusetts. The deadline for filing the appeal was April 17, 1995, which was also Patriots' Day, a legal holiday in Massachusetts. The United States Court of Federal Claims was open for business on April 17. At least one federal agency, the Internal Revenue Service ("IRS"), recognized the state holiday, providing Massachusetts residents with an extra day for filing their federal income tax returns. The motion for review was received and filed in this court on April 18, 1995.

## DISCUSSION

*Computation of Time*

Pursuant to the National Vaccine Compensation Act, petitioners had 30 days to file their motion for review of the special master's decision. 42 U.S.C. § 300aa–12(e). This time period is a jurisdictional limit on the power of the Court of Federal Claims to review a decision by a special master. *Widdoss v. Secretary of Health and Human Services,* 989 F.2d 1170, 1177 (Fed.Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993). However, this jurisdictional limitation does not prevent the court from determining whether a motion was timely filed. *Id.* Time limits in this court are calculated according to the Rules of the United States Court of Federal Claims ("R.C.F.C."). R.C.F.C. 6(a) is designed to: "comput[e] any period of time prescribed or

allowed ... by any applicable statute ..." Under R.C.F.C. 6(a), when the last day of a period falls on a Saturday, Sunday or legal holiday, the period runs to the end of the next day which is not a Saturday, Sunday or legal holiday.

The issue the court must resolve, then, is whether a state holiday is a legal holiday for the purposes of R.C.F.C. 6(a). Under the Federal Rules of Civil Procedure ("F.R.C.P."), state holidays are included in the definition of "legal holiday." " '[L]egal holiday' includes ... any other day appointed ... by the state in which the district court is held ..." F.R.C.P. 6(a).[1] This provision is absent in the corresponding rule of the Court of Federal Claims:

> " '[L]egal holiday' includes New Year's Day, Inauguration Day, Martin Luther King's Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, or any other day appointed as a holiday by the President or the Congress of the United States." R.C.F.C. 6(a).

Nevertheless, the Federal Circuit has stated that R.C.F.C. Rule 6(a) is "the same as Federal Rule of Civil Procedure 6(a)." *Wood–Ivey Systems Corp. v. United States*, 4 F.3d 961, 962 (Fed.Cir.1993) (applying Rule 6(a) to a statute of limitations). Further, courts interpret procedural rules "liberally and realistically." *Prudential Oil & Minerals Co. v. Hamlin*, 261 F.2d 626, 627 (10th Cir.1958) (interpreting F.R.C.P. 6(a)).

Respondent argues, however, that because the state holiday provision is absent from the Court of Federal Claims rules, Patriots' Day must be included in the computation of the filing deadline. R.C.F.C. 6(a) provides that

" 'legal holiday' *includes* " the holidays listed therein. R.C.F.C. 6(a) (emphasis added). A "liberal[ ] and realistic[ ]" reading of the rule's use of "includes" is one which views that list as non-exhaustive. *Prudential Oil*, 261 F.2d at 627. Thus, the language of the rule does not clearly indicate whether state holidays are to be considered in determining filing deadlines.

Until F.R.C.P. 6(a) was amended in 1963, the state holiday provision was not included.[2] The old federal rule and the present Court of Federal Claims rule are therefore identical. When interpreting the old federal rule, at least one appellate court held that state holidays were legal holidays for purposes of the federal rule. *See, Prudential Oil*, 261 F.2d at 627 (allowing a motion to be filed one day after the filing deadline when the deadline fell on a Utah state holiday); *cf., Reyes–Cardona v. J.C. Penney Co., Inc.*, 690 F.2d 1 (5th Cir.1982) (excluding a Puerto Rican state holiday from computation after F.R.C.P. was amended to expressly include state holidays), *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 676 (6th Cir.1976), *cert. denied*, 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977) (excluding a state observance of Martin Luther King, Jr. Day after the amendment of F.R.C.P. 6(a)).

Moreover, it is appropriate for the court to recognize the state holiday even when the court is open on that day. *Reyes–Cardona*, 690 F.2d at 1. In *Prudential Oil*, the Tenth Circuit held that Rule 6 should be interpreted liberally in order "to accomplish that which the rule recognizes: the general suspension of work and labor upon ... days set aside for observance of a public purpose." *Prudential Oil*, 261 F.2d at 627. The court also found that the state holiday in question met that purpose of Rule 6. Applying like

---

1. Additionally, it is worth noting that the tax code *expressly* includes state holidays as days upon which income tax returns will not be due, thus explaining the IRS's observance of Patriots' Day. 26 U.S.C. § 7503. ("[T]he term 'legal holiday' also means a statewide holiday in the State where such office is located.")

2. As originally promulgated in 1937, F.R.C.P. 6(a) provided: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday or a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays, and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday." 2 Moore's Federal Practice, ¶ 6.01[2] (2d ed. 1995).

reasoning to R.C.F.C. 6(a), the proper interpretation of the rule is one which excludes state holidays in the calculation of filing deadlines regardless of whether the filing could have been accepted by the court.

Here, the 30–day time period mandated by R.C.F.C. 6(a) expired on April 17, 1995, which was Patriots' Day, a Massachusetts state holiday. The Court of Federal Claims was open, and the filing could have been accepted on that date. It is important, however, that the Court of Federal Claims, as a court of national jurisdiction, recognizes state holidays when such recognition will affect a party's ability to meet deadlines. Here, as in *Prudential Oil*, the state holiday was one which provided for the "general suspension of work and labor." *Id.* Federal recognition of this holiday was evidenced by the IRS's extension of its filing deadline to April 18, 1995 for Massachusetts residents. That holiday, then, should be excluded from the computation of the filing deadline for petitioners. Therefore, petitioners' motion, which arrived on April 18, 1995, was timely. Respondent's motion to dismiss is therefore denied. No costs.