**Joseph LATHAM, Plaintiff–Appellant,**

v.

**DOMINICK'S FINER FOODS, Defendant–Appellee.**

No. 98–1392.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 1998.

Decided July 14, 1998.

Joseph Latham, Homewood, IL, pro se.

Richard H. Schnadig, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.

POSNER, Chief Judge.

The timeliness of the plaintiff's appeal in this employment discrimination case depends on whether his Rule 59 motion in the United States District Court for the Northern District of Illinois was timely. (A timely motion would toll his time to appeal, Fed. R.App. P. 4(a)(4); an untimely one would not.) That in turn depends on whether Friday, December 26, 1997 (the day after Christmas), should be excluded from the ten days allowed for filing such a motion, for December 26 was Latham's tenth day. Whether it should be excluded depends on the meaning of the provision of Fed.R.Civ.P. 6(a) that "When the period of time prescribed or allowed is less than 11 days," as it is here, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation," while the last day of the period shall be excluded if it falls on one of those days or if it involves "the filing of a paper in court" and "weather or other conditions have made the office of the clerk of the district court inaccessible." The term "legal holiday" is defined in the rule to include a number of

designated holidays, such as Christmas and New Year's Day, plus "any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held."

President Clinton ordered all departments and agencies of the executive branch of the federal government closed on December 26, but he did not declare December 26 a holiday; nor did the closure order extend to the federal courts. Executive Order 13068, 62 Fed.Reg. 63,247 (Nov. 25, 1997). Neither Congress nor the State of Illinois declared December 26, 1997, a holiday. The Chief Judge of the U.S. District Court for the Northern District of Illinois, however, purportedly "in recognition of Presidential Executive Order 13068, dated 25 November 1997 and pursuant to its provisions contained therein," ordered the court, including its clerk's office, closed on December 26 and the order adds that motions or process due, returnable, or expiring on that day need not be filed until the following Monday. General Order, N.D. Ill., Dec. 2, 1997. From this we infer that no arrangements were made to permit filings on December 26. The "weather or other conditions" amendment is not explicitly addressed to official closings and none of the entities specified in Rule 6(a) declared December 26 a holiday, creating the specter of filers falling between two stools—that of the courthouse that is closed because of a holiday and that of a courthouse closed by weather or some other Act of God or the Public Enemy. We cannot find an appellate case that deals with this situation, though *Prudential Oil & Minerals Co. v. Hamlin*, 261 F.2d 626 (10th Cir.1958), is close; it excluded from the filing deadline—years before the "weather or other conditions" amendment—a day on which the clerk's office, though technically open, was in fact locked and unattended because of a state holiday. (This was before Rule 6(a) was amended to exclude state as well as federal holidays.)

■ Considering the short period for filing a Rule 59 motion and the fell consequences of failing to file it in time, we think that Rule 6(a) (and its counterpart appellate rule, Fed. R. App. P. 26(a); see Advisory committee Note to 1989 Amendment to Rule 26) should be read to exclude any day on which the district court is either officially closed (as held in *United States v. Certain Real Property in Waterboro*, 812 F.Supp. 259, 260 n. 1 (D.Me.1991), and *Epperly v. Lehmann Co.*, 161 F.R.D. 72, 76 (S.D.Ind.1994)), as here, or (as also here) inaccessible as a practical matter without heroic measures. *United States Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 226 (5th Cir.1995). But it is important to note that (the *Waterboro* decision notwithstanding) this is true only when the day in question is the day on which the filing is due. Rule 6(a)'s "weather or other conditions" exclusion is limited by its terms to final days. The omission of intermediate days from this provision cannot be dismissed as an oversight, and not only because weather or other conditions that close a court need not close a lawyer's office (which might be in a different county or even a different state); Chief Judge Aspen's order closed no law offices. The fact that a court is closed for one day during the period in which a filing is due does not prevent the litigant from filing on the last day on which it is due, for if the court is closed on that day, the closure rule protects him. That is not Latham's situation. December 26 was the deadline for his filing a Rule 59 motion, not an intermediate day, so the fact that the court was closed that day extended the time for filing. As a result, Latham's motion, filed the following Monday, was timely, as is, therefore, his appeal.