Christy HONEYCUTT *v.* Donald Wilbur FANNING

01-975                                                  78 S.W.3d 96

Supreme Court of Arkansas
Opinion delivered June 20, 2002

326

*Blair & Stroud*, by: *Michelle C. Huff*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley*, for appellee.

TOM GLAZE, Justice. The court of appeals certified this case to us because it involves the interpretation of Rules 4(i) and 6(a) of the Arkansas Rules of Civil Procedure. The sole issue involves the timeliness of the filing of a motion to extend time for obtaining service on a defendant.

On November 7, 1996, appellant Christy Honeycutt and appellee Donald Fanning were involved in a motor vehicle accident. Honeycutt filed suit against Fanning on November 5, 1999, and because she was unable to obtain service on Fanning within the 120-day period after filing her complaint as provided under Rule 4(i), on March 2, 2000, Honeycutt duly filed a motion for enlargement of time for service, which was granted on April 26, 2000.

Because Honeycutt still was unable to locate Fanning for service, she filed a second motion to extend time for service. She was required to file her second motion no later than Monday, July 3, 2000, but when she appeared at the court clerk's office on that

day to do so, the courthouse, including the clerk's office, was closed by direction of the county judge. Because all county offices were closed on July 3 and 4, 2000, Honeycutt was delayed in filing her motion until Wednesday, July 5, 2000, which was after the 120-day period had passed. Her motion was initially granted by the trial court on July 6, 2000.

Fanning was served on November 2, 2000, and he subsequently moved to dismiss Honeycutt's complaint with prejudice, arguing that Honeycutt's second motion to enlarge time for service was untimely filed and the statute of limitations had expired. Honeycutt responded by filing an affidavit from the county judge, who averred he had closed all county offices on July 3 and 4, 2000, in observance of Independence Day. Honeycutt submitted that her motion was timely since the clerk's office was not accessible for filing motions until July 5. The circuit court granted Fanning's motion to dismiss with prejudice, explaining that July 3 was not a legal holiday as defined by Rule 6(a), which provides:

> In computing any period of time prescribed or allowed by these rules, by order of the Court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.* When the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation. *As used in this rule and Rule 77(c), "legal holiday" means those days designated as a holiday by the President or Congress of the United States or designated by the laws of this State.*

(Emphasis added.)

█ █ The issue presented in this case — whether a motion is timely filed when the courthouse is inaccessible on the last day of the time in which filing is permitted — has never been squarely addressed by this court. Our rules and cases provide that if a plaintiff fails to complete service within the 120 days provided by the rules of civil procedure from filing the complaint, he or she may still request that the time be extended to complete service in

order to protect the plaintiff against the running of a statute of limitations if that extension is requested within the 120-day period. *Hicks v. Clark,* 316 Ark. 148, 870 S.W.2d 750 (1994). The court order granting the extension need not be filed within the 120 days, so long as the motion is filed within that time. *Edwards v. Szabo Food Serv., Inc.,* 317 Ark. 369, 877 S.W.2d 932 (1994). Under Rule 4(i), the trial court does not lose jurisdiction if the order granting a motion to extend the time to obtain service of process is not signed and filed prior to the expiration of 120 days from the filing of the complaint, so long as the motion to extend time is filed prior to the end of the 120-day period. *Edwards,* 317 Ark. at 370; *see also Green v. Wiggins,* 304 Ark. 484, 803 S.W.2d 536 (1991). The *Edwards* court also noted that a trial court can extend a period which has previously been extended beyond the period originally prescribed. *Edwards,* 317 Ark. at 373. However, subsequent motions for enlargement of time must be filed before the time allotted for prior extensions has expired. *See Dougherty v. Sullivan,* 318 Ark. 608, 887 S.W.2d 305 (1994).

This brings us to the question now before us: Was Honeycutt's second motion for enlargement of time filed before her first 120-day period expired? While technically her motion was filed on July 5 — two days outside the 120 days — Honeycutt was physically prevented from filing her motion on the 120th day because the courthouse was closed and locked. Although we have no cases that are directly on point, there are a number of federal cases decided under the federal rules of procedure that offer guidelines. The federal counterpart to our rule, Fed. R. Civ. P. 6(a), provides as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, *or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible,* in which event the period runs until the end of the next day which is not one of the aforementioned days.

(Emphasis added.)

■ The federal language concerning "weather or other conditions" is not present in the Arkansas rule, but this phrase was not added and made a part of Federal Rule 6(a) until 1985. Prior to that amendment, when the federal rule read substantially the same as ours, there were cases involving courthouse closings that prevented litigants from meeting filing deadlines. For example, in *Wagner v. New York, Ontario & Western Railway*, 146 F. Supp. 926 (1956), the United States District Court held that a complaint, although filed one day past the two-year statute of limitations expired, was timely, because the courthouse had been closed due to an "extraordinary flood [that] crippled public utility and other essential facilities." *Id.* at 928. Although the court noted that the statute of limitations was a "meritorious defense," nevertheless, it wrote that "most courts recognize a limited class of exceptions arising from necessity." *Id.* at 929. Further, that court stated the following:

> The broad rule is laid down that whenever some paramount authority prevents a person from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right, even though the statute makes no specific exception in his favor in such cases. . . . [A] court . . . cannot by rules or conduct limit the time or opportunity for filing given by statute.

*Id.*

■ Likewise, in *Prudential Oil & Minerals Co. v. Hamlin*, 261 F.2d 626 (10th Cir. 1958), the Tenth Circuit excluded from the filing deadline — years before the "weather or other conditions" amendment — a day on which the clerk's office, though technically open, was in fact locked and unattended because of a state holiday. The *Hamlin* court also pointed out that, while Congress has expressly "designated certain days to be legal public holidays and recognized others as existent [citation omitted], there is nothing in such enactment to indicate an intent to create a statutory limitation upon the term." *Hamlin*, 261 F.2d at 627.

■ Since these cases were decided, the federal rule has been amended to include the "weather or other conditions" clause. In a case that is factually very similar to the instant matter, the Seventh Circuit held that a motion under Fed. R. Civ. P. 59 was timely, even though the rule only allowed for ten days to file such a motion, and it was not filed until the thirteenth day. *Latham v. Dominck's Finer Foods*, 149 F.3d 673 (7th Cir. 1998). The tenth day — the deadline for filing the motion — fell on Friday, December 26, the day after Christmas. While December 26 had not been declared a federal or state holiday, the Chief Judge of the United States District Court for the Northern District of Illinois ordered the court, including the clerk's office, to be closed on December 26; the judge's order added that "motions or process due, returnable, or expiring on that day need not be filed until the following Monday." The Seventh Circuit inferred from that order that no arrangements were made to permit filings on December 26. In concluding that the motion was timely, the court looked to the "weather and other conditions" language and determined that the rule should be read to exclude any day on which the district court is either officially closed, or inaccessible as a practical matter without heroic measures. *Latham*, 149 F.3d at 674.

■ We agree that such an approach should be taken here. Simply put, the Sharp County courthouse was inaccessible on July 3, 2000. Honeycutt could not have filed her motion on July 3, no matter what she did. It is a "fair and fundamental rule that no one should be prejudiced by the action of the court." *Wallis v. State and Bridge v. United Savings Ass'n*, 245 Ark. 29, 430 S.W.2d 860 (1968). If we were to agree with the trial court, Honeycutt would have had only 117 days in which to file her motion for enlargement of time, even though the rule gives a party 120 days. Stated another way, to hold that Honeycutt's attempt at filing her motion was untimely would amount to depriving her of the full time allowed by the rule, which the *Wallis* court held it would not do.

■ This liberal interpretation of our rule is consistent with the approach taken in the federal courts, and it is also consistent with another rule, including Ark. R. App. P.—Civ. 9, which provides that when the last day for taking action under the appellate rules falls on a Saturday, Sunday, or legal holiday, "the time for

such action shall be extended to the next business day." In the present case, Wednesday, July 5, 2000, *was* "the next business day," and we hold that Honeycutt's motion for enlargement of time to obtain service was timely. The trial court's order dismissing Honeycutt's complaint with prejudice is reversed and the matter remanded.