

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-220

| | |
|---|---|
| ROBBIN J. POWELL<br><br>APPELLANT<br><br>V.<br><br><br>ALEXANDER G. FERNANDEZ<br><br>APPELLEE | **Opinion Delivered** October 23, 2013<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CV-2011-002148-6]<br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br>AFFIRMED |

**DAVID M. GLOVER, Judge**

The issue in this case is whether the trial court correctly granted appellee Alexander Fernandez's motion to set aside a default judgment in favor of appellant Robbin Powell due to defective service. We affirm the trial court's decision.

Powell and Fernandez were involved in an automobile accident on November 4, 2009. Powell filed suit against Fernandez in the Benton County Circuit Court on September 13, 2011. On January 9, 2012, Powell filed a motion for enlargement of time to perfect service on Fernandez. The trial court granted the motion on the same day, extending the time to perfect service until April 10, 2012. Powell filed a second motion for enlargement of time to perfect service on Fernandez on March 28, 2012. The trial court granted the second request on the same day, extending the time to perfect service until July 29, 2012. Fernandez was served on June 30, 2012, at his residence in Oklahoma.

Fernandez filed an answer on September 25, 2012, and an amended answer on September 28, 2012. Powell then filed a motion to strike Fernandez's answers as untimely and requested a default judgment. An order striking Fernandez's answers, granting Powell a default judgment as to liability, and setting a hearing for damages was entered on November 16, 2012.

On November 29, 2012, Fernandez filed a motion to set aside the default judgment. In this motion, he alleged that service upon him was insufficient because the trial court lacked jurisdiction to grant the second enlargement of time to perfect service under Rules 4(i) and 6(b) of the Arkansas Rules of Civil Procedure; he argued that the default judgment should be set aside pursuant to Arkansas Rules of Civil Procedure 55(c)(1) for mistake, inadvertence, or surprise, 55(c)(2) because the judgment was void, 55(c)(3) for fraud or misrepresentation, and 55(c)(4) for any other reason justifying relief from the operation of judgment.[1] In a letter opinion filed of record on December 27, 2012, the trial court granted Fernandez's motion to set aside the default judgment based on the fact that Powell's second motion for enlargement of time was filed outside 120 days from the filing of the lawsuit, although the motion was filed within the first extension. The trial court entered an order on January 14, 2013, finding that service of process was insufficient because the second extension request was made more than 120 days after the filing of the suit, and service of the complaint and summons was made

---

[1]Fernandez's counsel also argued to the trial court that he and Powell's counsel had an agreement that he would be notified by Powell's counsel when Fernandez was served and that Powell's counsel had agreed that he would not pursue a default judgment so long as service was not attacked. This argument was rejected below, and it has been abandoned on appeal.



during the period of the second extension; therefore, the default judgment was void. The trial court set aside the default judgment pursuant to Rule 55(c)(2) of the Arkansas Rules of Civil Procedure (void judgment). Powell timely filed her notice of appeal, arguing that the trial court erred in granting Fernandez's motion to set aside the default judgment and dismissing the complaint because service was properly perfected pursuant to the Arkansas Rules of Civil Procedure.

Whether a judgment is void is a question of law involving no discretionary ruling by the trial court. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). The *Nucor* court held that, in cases where the appellant claimed that a judgment was void, the appellate court would review a trial court's granting or denial of a motion to set aside default judgment using a de novo standard, and in cases where an issue arose under subsections (c)(1), (3), or (4) of Rule 55, the appellate court would continue to review the trial court's granting or denial of a motion to set aside default judgment for abuse of discretion. Here, appellant Powell is not claiming that the default judgment was void; in fact, she is claiming that it was properly entered. However, the trial court found that the default judgment was void for lack of proper service; therefore, the correct standard of review is de novo, as the question of whether a default judgment is void is a question of law that affords no discretion to a trial court.

Service of valid process is necessary for a court to obtain jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). Because statutory-service requirements are in derogation of common-law rights, they must

SLIP OPINION

be strictly construed and there must be exact compliance; the same reasoning is applicable to service requirements mandated by court rules. *Id.*

Arkansas Rule of Civil Procedure 4(i) (2013) provides in pertinent part:

> *Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Powell argues that, while it is clear that a motion for the first extension of time to perfect service must be made within 120 days of the filing of suit, there is nothing in Rule 4(i) that states that additional extensions must be filed within 120 days of the filing of the complaint, so long as additional requests for extensions are made prior to the expiration of any prior orders granting additional time. Powell contends that to adopt the trial court's analysis would be reading language into the rule that is not there, and that if only one extension to perfect service is allowed, a defendant would be rewarded for avoiding service until the extension of time had expired. We disagree.

In *Edwards v. Szabo Food Service, Inc.*, 317 Ark. 369, 877 S.W.2d 932 (1994), our supreme court held that when a plaintiff files a motion to extend the time to perfect service prior to the expiration of the 120-day period set forth under Rule 4(i), but the trial court does not sign or file the order granting the extension until after the expiration of the 120-day period, it is sufficient that the motion was filed within the 120-day period.[2] Powell points

_____

[2]Rule 4(i) now specifically provides that an order granting any such extension must be entered within 30 days after the motion to extend is filed, or by the end of the 120-day period, whichever date is later.

4

SLIP OPINION

out that the *Szabo* court also held that Rule 6(b) of the Arkansas Rules of Civil Procedure recognized that a trial court could act after the expiration of a specified period of time and could order a period enlarged if such a request was made prior to the expiration of a period that had been extended by a previous order. Furthermore, Powell notes that our supreme court, in *Sidney Moncrief, supra*, recognized in *Szabo* that Rule 6(b) allowed the trial court to extend a period that had been extended previously beyond the original period of time if such a request was made prior to the expiration of the period "as extended by a previous order."[3]

*Sidney Moncrief* was decided in 2003. In 2004, Rule 6(b) was amended to specifically include Rule 4(i) as one of the rules under which the trial court could not extend the time for taking an action except to the extent and under the conditions stated in that rule. Rule 6(b) now provides that the trial court "may not extend the time for taking an action under Rules 4(i), 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."

---

[3]At the time of the *Szabo* and *Sidney Moncrief* decisions, Rule 6(b) of the Arkansas Rules of Civil Procedure provided:

> *Enlargement*: When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the time for taking an action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Ark. R. Civ. P. 6(b) (2003).

Strictly applying the service requirements of Rule 4(i), a plaintiff has 120 days to serve a defendant after suit is filed; however, if a motion to extend the period of time for service is made within 120 days after the filing of suit, the period of time may be extended if good cause is shown. There is no question that Powell properly obtained her first extension within 120 days of the filing of suit against Fernandez. However, Powell's second motion for extension of time, although filed within the time constraints of the first extension, was filed more than 120 days after the filing of suit. There is nothing in Rule 4 that addresses allowing multiple extensions to be obtained within the time of prior extensions—the only time limit in the rule is within 120 days of the filing of suit. Powell's second extension was not filed within 120 days of the filing of suit; therefore, service was defective, and the default judgment was indeed void. The trial court properly set aside the default judgment as void.

Powell argues that if multiple extensions are not allowed then a defendant will simply evade service until the extension expires. We disagree. Rule 4(f) of the Arkansas Rules of Civil Procedure provides that if, after diligent inquiry, the whereabouts of a defendant remains unknown, service "shall be by warning order issued by the clerk." Therefore, Powell was not without an alternative service procedure.

Affirmed.

WYNNE and VAUGHT, JJ., agree.

*Osborne Law Firm*, by: *Ken Osborne*, for appellant.

*Roy, Lambert, Lovelace, Bingaman & Wood, LLP*, by: *Brian D. Wood* and *James H. Bingaman*, for appellee.