

# SUPREME COURT OF ARKANSAS

No.

| | |
|---|---|
| IN RE AMENDMENTS TO RULES OF CIVIL PROCEDURE; RULES OF THE SUPREME COURT; RULES OF APPELLATE PROCEDURE – CIVIL; DISTRICT COURT RULES; AND ADMINISTRATIVE ORDERS | **Opinion Delivered** March 13, 2014 |

## PER CURIAM

On June 20, 2013, we published for comment the proposals of the Arkansas Supreme Court Committee on Civil Practice to amend the rules of procedure affecting civil practice. *See In re Recommendations of the Committee on Civil Practice*, 2013 Ark. 278 (per curiam). We thank everyone who reviewed the proposals and submitted comments. We also thank the committee members for their work on the proposed amendments.

We have reviewed the proposed amendments and the comments and now revise Ark. Sup. Ct. R. 4-2, Ark. P.–Civ. 6, and Ark. Dist. Ct. R. 9. The committee has also recommended expedited consideration of its proposed amendment to Ark. R. Civ. P. 4(i) in response to the decision in *Powell v. Fernandez*, 2013 Ark. App. 595. We agree with the committee's recommendation and adopt the amendment, which is explained in the Reporter's Note.

We also adopt two amendments that have been considered by the committee but not published for comment. We amend Arkansas Supreme Court Rule 6-9(i)(5) to require that

SLIP OPINION

the Arkansas Department of Human Services, as appellee, respond to the appellant's pro se points, and Arkansas Rule of Appellate Procedure–Civ. 2 to permit an appeal from an order denying a motion for protective order. The Reporter's Notes to these rules provide further explanation.

Today, we adopt the amendments and republish the rules as set out below. These amendments are effective July 1, 2014.



## A. ARKANSAS RULES OF CIVIL PROCEDURE

**Rule 4. Summons.**

(i) *Time Limit for Service*. (1) If service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If service is by mail or by commercial delivery company pursuant to subdivision (d)(8)(A) & (C) of this rule, service shall be deemed to have been made for purposes of this subdivision (i) on the date that the process was accepted or refused.

(2) The court, upon written motion and a showing of good cause, may extend the time for service if the  motion is made within 120 days of the filing of the suit or within the time period established by a previous extension.  To be effective, an order granting an extension must be entered within 30 days after the motion to extend is filed, by the end of the 120-day period, or by the end of the period established by the previous extension, whichever date is later.

(3) This subdivision shall not apply to service in a foreign country pursuant to subdivision (e) of this rule or to complaints filed against unknown tortfeasors.

**Addition to Reporter's Notes, 2014 Amendment:** For clarity, Rule  4(i) has been restructured and divided into paragraphs.  Also, the sentence dealing with refusal to accept service that now appears in paragraph (1) has been limited to service by mail under subdivision (d)(8)(A) or by commercial delivery company under subdivision (d)(8)(C). The result of this change is to exclude service by first class mail pursuant to subdivision (d)(8)(B), under which refusal plays no role.

More significantly, the subdivision has been revised to make clear that a motion to extend the time for service is proper if filed within 120 days of the filing of the complaint or within the time period provided by a previous extension of time. Although the subdivision did not address subsequent extensions, they have long been considered proper in light of *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). *See also Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004); *Wilkins v. Food Plus, Inc.*, 99 Ark. App. 64, 257 S.W.3d 107 (2007). The Court of Appeals, however, held in *Powell v. Fernandez*, 2013 Ark. App. 595, that a subsequent extension is allowed only if sought within 120 days of the filing of the complaint. The amendment overrules *Powell* on this point.

**Rule 77. Courts and clerks.**

(b)  *Trials and Hearings*. All trials and hearings shall be public except as otherwise provided by law, such as, for example, Ark. Code Ann. § 16-13-222.

**Addition to Reporter's Notes, 2014 Amendment:** Rule 77(b) prescribes that all trials and hearings are to be public except as otherwise provided by law.  The rule cited Ark. Code Ann. § 16-13-318 as an example of an exception to the public-trials-and-hearings requirement of the rule.  Section 16-13-318 was repealed by Act 1185 of 2003 and replaced by superseding statute, Ark. Code Ann. § 16-13-222.  Subsection (b) of the rule is amended to cite the correct statute.

## B. ARKANSAS RULES OF THE SUPREME COURT AND COURT OF APPEALS

### Rule 2-1. Motions, petitions, and responses, general rules.

 (a) *Writing required*. All motions, petitions, and responses filed in the appellate court must be in writing and comply with the requirements of Rule 4-1(a) in regard to the style of briefs except that they shall not be bound but shall be stapled as required in subsection (h) of this rule.
 (b) *Number of copies*. In cases pending before the Supreme Court, eight (8) clearly legible copies must be filed on 8½″ x 11″ paper. In cases pending before the Court of Appeals, fourteen (14) clearly legible copies must be filed on 8½″ x 11″ paper.
  (c) *Service*. Evidence of service of a motion, petition, or response upon opposing counsel must be furnished at the time of filing.
 (d) *Response*. A response may be filed within 10 calendar days of the filing of a motion or petition. Evidence of service is required.
 (e) *Memorandum of authorities*. With any motion, petition, application for temporary relief, or other action of the court that is sought before the regular submission of the case, the moving party shall file and serve upon opposing counsel or an unrepresented party a short citation of statutes, rules of court, and other authorities upon which the movant or petitioner relies. Any party responding to any such motion, petition, or application shall likewise file a memorandum of authorities.
  (f) *Compliance with Administrative Order No. 19 required*. Every motion, petition, response, similar paper, memorandum of authorities, and any document attached to any of those papers, must comply with the protective requirements for confidential information established by Administrative Order No. 19. Counsel and unrepresented parties shall follow the redaction and filing procedure established by Rule of Civil Procedure 5(c)(2)(A) & (B). That procedure includes (1) eliminating all unnecessary or irrelevant confidential information; (2) redacting all necessary and relevant confidential information; and (3) filing an unredacted version under seal.
  (g) *Motions for reconsideration*. Any motion to reconsider the appellate court's order deciding any motion or petition must be filed no later than eighteen calendar days after the date of the order.
  (h) *Page length*. Except as otherwise provided in these rules, a motion, petition, or response, including the memorandum of authorities and supporting brief, if any, but

excluding any exhibits, shall not exceed ten 8½″ x 11″ double-spaced, typewritten pages and shall comply with the provisions of Rule 4-1(a), except that motions, petitions, or responses and supporting documents are not to be bound as set forth in Rule 4-1(a) but are to be stapled with a single staple in the top left-hand corner of the page. Motions for an expansion of the page limit must set forth the reason or reasons for the request and must state that a good faith effort to comply with this rule has been made. The motion must specify the number of additional pages requested.

**Addition to Reporter's Notes, 2014 Amendment:** Rule 2-1(a) & (h) required that all motions, petitions, and responses filed in the appellate courts in excess of three pages be bound in compliance with the requirements of Rule 4-1(a), which is applied by reference in Rule 2-1(a) & (h). This requirement created a problem for the Clerk's office because, when the documents are received in the office, the bindings are removed for copying, scanning, and filing, etc. Rule 2-1(a) & (h) is amended to prescribe that the documents to which the rule applies are to be stapled in the top left-hand corner, rather than bound.

### Rule 4-1. Style of briefs.

(d) *Compliance with Administrative Order No. 19 required.* All parts of all briefs, including the abstract and any document attached to any brief in the addendum, must comply with the protective requirements for confidential information established by Administrative Order No. 19. Counsel and unrepresented parties shall follow the redaction and filing procedure established by Arkansas Rule of Civil Procedure 5(c)(2)(A) & (B). That procedure includes (1) eliminating all unnecessary or irrelevant confidential information; (2) redacting all necessary and relevant confidential information; and (3) filing an unredacted version under seal. If the record contains confidential information that is neither necessary nor relevant for the appellate court's consideration of the case, then the party shall omit that information throughout the brief, including the abstract and addendum. If confidential information is integrated with necessary information, then the party should redact the confidential information in the abstract and addendum. In this situation, the party need not file an unredacted version of the brief. If the confidential information is necessary and relevant to a decision on appeal, pursuant to Rule 4-4, the party must file one redacted copy and seventeen unredacted copies of the brief for a total of eighteen copies. The unredacted copies shall be filed under seal. The cover of each brief shall indicate clearly whether it is REDACTED or UNREDACTED.

**Addition to Reporter's Notes, 2014 Amendment:** Both Rule 4-1 and Rule 4-4 required the filing on appeal of nine copies of redacted briefs and nine copies of unredacted briefs, for a total of eighteen copies. However, only one copy of the redacted brief need be filed–for public viewing–while 17 copies of the unredacted briefs should be filed for use by the courts and court personnel. Rules 4-1 and 4-4 are amended accordingly.



**Rule 4–2. Contents of briefs.**

(a) *Contents.* The contents of the brief shall be in the following order:

. . . .

(9) *Cover for briefs.* On the cover of every brief there should appear the number and style of the case in the Supreme Court or Court of Appeals, a designation of the court from which the appeal is taken, and the name of its presiding judge, the title of the brief (e.g., "Abstract, Addendum, and Brief for Appellant"), and the name or names of individual counsel who prepared the brief, including their bar numbers, addresses, telephone and facsimile numbers, and e-mail addresses. If the brief contains multiple volumes, the volume number and number of volumes should appear on the cover of each volume near the bottom of the cover page (example "Volume I of II").

**Addition to Reporter's Notes, 2014 Amendment:** The amendment to Rule 4–2(a)(9) requiring placement of volume numbers and number of volumes near the bottom of the cover page on briefs that contain multiple volumes is a housekeeping matter to assist in the orderly operation of the Clerk's office.

**Rule 4–4. Filing and service of briefs in civil cases.**

(a) *Appellant's brief.* In all civil cases the appellant shall, within 40 days of lodging the record, file eighteen copies of the appellant's brief with the Clerk and furnish evidence of service upon opposing counsel and the circuit court. Each copy of the appellant's brief shall contain every item required by Rule 4-2. Unemployment compensation cases appealed from the Arkansas Board of Review may be submitted to the Court of Appeals for decision as soon as the transcript is filed, unless the petition for review shows it is filed by an attorney, or notice of intent to file a brief for the appellant is filed with the Clerk prior to the filing of the transcript.

When a party has determined that confidential information is necessary and relevant to the appellate court's consideration of the case, redaction shall be done pursuant to Rule 4-1(d), and the party shall file one redacted copy and seventeen unredacted copies of the appellant's brief. The unredacted copies shall be filed under seal. The cover of each brief shall indicate clearly whether it is REDACTED or UNREDACTED.

(b) *Appellee's brief—Cross-appellant's brief.* The appellee shall file eighteen copies of the appellee's brief, and of any further abstract or addendum thought necessary, within 30 days after the appellant's brief is filed, and furnish evidence of service upon opposing counsel and the circuit court. If the appellee's brief has a supplemental abstract or addendum, it shall be compiled in accordance with Rule 4-2 and included in or with each copy of the brief. This rule shall apply to cross-appellants. If the cross-appellant is also the appellee, the two separate arguments may be contained in one brief, but each argument is limited to 30 pages.

When a party has determined that confidential information is necessary and relevant to the appellate court's consideration of the case, redaction shall be done pursuant to Rule 4-1(d), and the party shall file one redacted copy and seventeen unredacted copies of the

 

appellant's brief or cross-appellant's brief. The unredacted copies shall be filed under seal. The cover of each brief shall indicate clearly whether it is REDACTED or UNREDACTED.

(c) *Reply brief—Cross-appellant's reply brief.* The appellant may file eighteen copies of a reply brief within fifteen days after the appellee's brief is filed and shall furnish evidence of service upon opposing counsel and the circuit court. This rule shall apply to the cross-appellant's reply brief except it must be filed within fifteen days after the cross-appellee's brief is filed.

When a party has determined that confidential information is necessary and relevant to the appellate court's consideration of the case, redaction shall be done pursuant to Rule 4-1(d), and the party shall file one redacted copy and seventeen unredacted copies of the reply brief or cross-appellant's reply brief. The unredacted copies shall be filed under seal. The cover of each brief shall indicate clearly whether it is REDACTED or UNREDACTED.

(d) *Evidence of service.* Briefs tendered to the Clerk will not be filed unless evidence of service upon opposing counsel and the circuit court has been furnished to the Clerk. Such evidence may be in the form of a letter signed by counsel, naming the attorney or attorneys and the circuit court to whom copies of the brief have been mailed or delivered.

(e) *Submission.* The case shall be subject to call on the next Thursday (in the Supreme Court) or Wednesday (in the Court of Appeals) after the expiration of the time allowed for filing the reply brief of the appellant or the cross-appellant. After the case has been submitted to the court for decision, the court will not consider motions to dismiss because of settlement or notice of settlement.

(f) *Continuances and extensions of time.*

(1) The Clerk or a deputy clerk may extend the due date of any brief by seven (7) calendar days upon oral request. The party requesting a Clerk's extension must confirm the extension by sending a letter immediately to the Clerk or the deputy clerk with a copy to all counsel of record and any pro se party. If such an extension is granted, no further extension shall be granted except by the Clerk for compliance with these Rules as provided in Rule 4-2(c) or by the Court upon a written motion showing good cause.

(2) Stipulations of counsel for continuances will not be recognized. Any request for an extension of time (except in (f)(1)) for the filing of any brief must be made by a written motion, addressed to the Court, setting forth the facts supporting the request. Eight copies of the motion must be filed for Supreme Court cases and fourteen copies of the motion must be filed for Court of Appeals cases. Counsel who delay the filing of such a motion until it is too late for the brief to be filed if the motion is denied, do so at their own risk.

**Addition to Reporter's Notes, 2014 Amendment:** Rules 4-1 and 4-4 both required the filing on appeal of nine copies of redacted briefs and nine copies of unredacted briefs, for a total of eighteen copies. However, only one copy of the redacted brief need be filed–for public viewing–while 17 copies of the unredacted briefs should be filed for use by the courts and court personnel. Rules 4-1 and 4-4 are amended accordingly.

The appellate court practice has been that after a case has been submitted to the



court for decision, the court will not consider motions to dismiss because of settlement of the litigation or notice of settlement. The amendment to Rule 4-4(e) conforms the rule to the practice.

**Rule 6-9. Rule for appeals in dependency-neglect cases.**

(i) *Procedure for No-Merit Petitions, Pro Se Points, and State's Response.*

(5) The Arkansas Department of Human Services shall respond and any other appellees may respond to appellant's pro se points by filing a/the response within twenty (20) days of receipt by the Clerk of the Supreme Court of the appellant's pro se points.

**Addition to Reporter's Notes, 2014 Amendment:** The rule formerly provided that appellees in an appeal of a dependency-neglect proceeding were not required to respond to pro se points raised by the appellant pursuant to paragraph (i)(1) of the rule. Paragraph (i)(5) as amended now requires that the Department of Human Services, as appellee, must respond to appellant's pro se points and that any other appellees may respond.

## C. ARKANSAS RULES OF APPELLATE PROCEDURE–CIVIL

**Rule 2. Appealable Matters; Priority.**

(f)(1) The Supreme Court may, in its discretion, permit an appeal from an order denying a motion for a protective order pursuant to Rule of Civil Procedure 26(c), an order pursuant to Rule of Civil Procedure 37 compelling production of discovery, or an order denying a motion to quash production of materials pursuant to Rule 45 when the defense to production is any privilege recognized by Arkansas law or the opinion-work-product protection. A petition for permission to appeal must be filed with the Supreme Court within 14 calendar days after the order is entered. The circuit court's order shall be supported by factual findings and shall address the factors (a)-(f) listed below. The decision of the Supreme Court to grant permission to appeal will be guided by:

(a) the need to prevent irreparable injury;

(b) the likelihood that the petitioner's claim of privilege or protection will be sustained;

(c) the likelihood that an immediate appeal will delay a scheduled trial date;

(d) the diligence of the parties in seeking or resisting an order compelling



the discovery in the circuit court;

(e) the circuit court's written statement of reasons supporting or opposing immediate review; and

(f) any conflict with precedent or other controlling authority as to which there is substantial ground for difference of opinion.

**Addition to Reporter's Notes, 2014 Amendment:** A 2012 amendment to Ark. R. App. P.–Civil 2 created a new paragraph (f) that gave the Arkansas Supreme Court discretion to grant permission to take an interlocutory appeal of an order under Ark. R. Civ. P. 37 compelling production of materials or information or an order under Ark. R. Civ. P. 45 denying a motion to quash production of materials for which a privilege or opinion-work-product is claimed. Paragraph (f) is now amended to add appeals from orders denying motions for a protective order under Ark. R. Civ. P. 26(c) to the list of permissive interlocutory appeals of privilege issues allowed under Ark. R. App. P–Civil 2(f). Adding denial of motions for protective orders to the list of permissive interlocutory appeals allowed under the rule is consistent with the policy underlying paragraph (f) of balancing the interests of judicial efficiency and the values inherent in substantive-privilege law and will not significantly enhance the likelihood of piecemeal interlocutory appeals of discovery matters.

**Rule 6. Record on appeal.**

  (e) *Correction or modification of the record.* If any difference arises as to whether the record truly discloses what occurred in the circuit court, the difference shall be submitted by motion to, and settled by, that court and the record shall be made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court before the record is transmitted to the appellate court, or the appellate court on motion made no later than 30 days after the appellee's brief is filed in the appellate court, or on its own initiative, may direct that the omission or misstatement be corrected, and if necessary, that a supplemental record be certified and transmitted. All other questions as to form and content of the record shall be presented to the appellate court. No correction or modification of the record shall be made without prior notice to all parties.
  (f) *Access to parts of record under seal.* When the record contains materials under seal, all counsel of record and pro se litigants shall have access to all parts of the record, including the material under seal. For good cause shown on the motion of any party, the appellate court may modify the terms of access.

**Addition to Reporter's Notes, 2014 Amendment:** Rule 6(e) provided that if anything material to either party is omitted from the record by error, accident, or misstatement, the appellate court, on motion, could order that the omission or



misstatement be corrected.  However, the rule did not impose a time limit for making the motion.  The amendment sets a time limit for making the motion of not later than 30 days after the appellee's brief has been filed in the appellate court.

## D.  ARKANSAS DISTRICT COURT RULES

### Rule 9.  Appeals to circuit court.

(a) *Time for Taking Appeal From District Court.* Within 30 days of the docket entry awarding judgment entered in accordance with Rule 8(c) of these rules, regardless of whether a written judgment is otherwise entered or filed, appeals in civil cases from district court to circuit court shall be filed with the clerk of the circuit court having jurisdiction of the appeal. The 30-day period is not extended by a motion for new trial, a motion to amend the court's findings of fact or to make additional findings, or any other motion to vacate, alter or amend the judgment.

(b) *How Taken From District Court.*

(1) A party may take an appeal from a district court by filing with the clerk of the circuit court having jurisdiction of the appeal (i) a certified copy of the district court's docket sheet which shows the entry awarding judgment and all prior entries or a certified copy of the record of the district court proceedings consisting of all documents and motions filed in the district court, and (ii) a certified copy of the complaint filed in the district court or, if filed in accordance with Rule 10 of these rules, a certified copy of the claim form filed in the small claims division of the district court. Neither a notice of appeal nor an order granting leave to appeal shall be required.

The appealing party shall serve upon counsel for all other parties and upon any party not represented by counsel, certified copies of the district court docket sheet or the district court record and a certified copy of the district court complaint or claim form. Service upon counsel or a party not represented by counsel shall be effected as follows:

(A) By sending the copies by any form of mail requiring a signed receipt;

(B) By delivering the copies as described in Arkansas Rule of Civil Procedure 5(b)(2);

(C) By sending the copies by a commercial delivery company as described in Arkansas Rule of Civil Procedure 5(b)(2); or

(D) If service is upon counsel, by sending the copies by electronic transmission as described in Arkansas Rule of Civil Procedure 5(b)(2).

If service is by mail, the signed receipt shall be attached to the certificate of service. The following form may be used for the certificate of service:

Certificate of Service

The undersigned certifies that a true and correct copy of the certified copy of the district court docket sheet or the district court record and a certified copy of the

district court complaint or claim form were served on _____ _____ on the _____ day of _____, 2 _____, by [state method of service used, examples: mail with the signed receipt attached; hand delivery; commercial delivery service].

_____

[Signature of person making service]

Failure to serve certified copies of the district court docket sheet or district court record and a certified copy of the district court complaint or claim form shall not affect the validity of the appeal. The filing of the certified copy of the district court complaint or claim form with the clerk of the circuit court shall constitute the filing of the complaint for purposes of commencing the action in circuit court in accordance with Arkansas Rule of Civil Procedure 3(a).

(2) If the clerk of the district court does not prepare or certify a record for filing in the circuit court in a timely manner, a party may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the appealing party has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The appealing party shall promptly serve a copy of the affidavit upon the clerk of the district court and upon the opposing attorney or party. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the appealing party, the circuit court may order the clerk of the district court to prepare, certify, and file the record in the circuit court.

(3) If service of the certified copies of the district court docket sheet or record and the complaint or claim form is not made within 120 days after filing the district court complaint or claim form with the circuit court or within the time period established by an extension granted pursuant to this subdivision, the action shall be dismissed without prejudice upon motion or upon the court's initiative. The court, upon written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing with the circuit court the district court complaint or claim form or within the time period established by a previous extension. To be effective, an order granting an extension must be entered within 30 days after the motion to extend is filed, by the end of the 120-day period, or by the end of the period established by the previous extension, whichever date is later.

(c) *Procedure on Appeal From District Court.*
(1) All the parties shall assert all their claims and defenses in circuit court. Within 30 days after a party serves upon counsel for all other parties, and upon any party not represented by counsel, certified copies of the district court docket sheet or district court record and a certified copy of the district court complaint or claim form, the party who was the defendant in district court shall file its answer, motions, and claims within the time and manner prescribed by the Arkansas Rules of Civil Procedure and the case shall otherwise proceed in accordance with those rules.



(2) At the time they file their complaint, answer, motions, and claims, the parties shall also file with the circuit clerk certified copies of any district court papers that they believe are material to the disputed issues in circuit court. Any party may also file certified copies of additional district court papers at any time during the proceeding as the need arises.

(3) As soon as practicable after the pleadings are closed, the circuit court shall establish a schedule for discovery, motions, and trial.

(4) Except as modified by the provisions of this rule, and except for the inapplicability of Rule of Civil Procedure 41, the Arkansas Rules of Civil Procedure shall govern all the circuit court proceedings on appeal of a district court judgment as if the case had been filed originally in circuit court.

(d) *Supersedeas Bond on Appeal From District Court.* Whenever an appellant entitled thereto desires a stay on appeal to circuit court in a civil case, he shall present to the district court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree, or order of the inferior court. All proceedings in the district court shall be stayed from and after the date of the court's order approving the supersedeas bond.

(e) *Special Provisions For Appeals From County Court to Circuit Court.*
Unless otherwise provided in this subdivision, the requirements of subdivisions (a), (b), (c), and (d) govern appeals from county court to circuit court. A party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. A certified copy of the county court's final judgment must be attached to the notice of appeal. In the circuit-court proceeding, the party who was the petitioner or plaintiff in county court shall have all the obligations of the plaintiff in a case that has been appealed from district court to circuit court. If there were no defendants in the county-court proceeding, then the petitioner/plaintiff shall name all necessary, adverse parties as defendants in its complaint filed in circuit court.

(f) *Administrative Appeals.*
(1) If an applicable statute provides a method for filing an appeal from a final decision of any governmental body or agency and a method for preparing the record on appeal, then the statutory procedures shall apply.

(2) If no statute addresses how a party may take such an appeal or how the record shall be prepared, then the following procedures apply.

(A) *Notice of Appeal.* A party may appeal any final administrative decision by filing a notice of appeal with the clerk of the circuit court having jurisdiction of the matter within thirty (30) days from the date of that decision. The notice of appeal shall describe the final administrative decision being appealed and specify the date of that decision. The date of decision shall be either the date of the vote, if any, or the date

that a written record of the vote is made. The party shall serve the notice of appeal on all other parties, including the governmental body or agency, by serving any person described in Arkansas Rule of Civil Procedure 4(d)(7), by any form of mail that requires a return receipt.

(B) *The Record on Appeal.* Within thirty (30) days after filing its notice of appeal, the party shall file certified copies of all the materials the party has or can obtain that document the administrative proceeding. Within thirty (30) days after these materials are filed, any opposing party may supplement the record with certified copies of any additional documents that it believes are necessary to complete the administrative record on appeal. At any time during the appeal, any party may supplement the record with a certified copy of any document from the administrative proceeding that is not in the record but the party believes the circuit court needs to resolve the appeal.

(C) *Procedure on Appeal.* As soon as practicable after all the parties have made their initial filing of record materials, the court shall establish a schedule for briefing, hearings, and any other matters needed to resolve the appeal.

**Addition to Reporter's Notes, 2014 Amendment:** The amendment addresses several problems that have arisen in practice under District Court Rule 9. The rule prescribed that an appeal was taken from the district court by filing with the circuit clerk "a certified copy of the district court's docket sheet," rather than the district court record as had been required prior to a 2008 amendment of the rule. In *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913, the appellant did not file the docket sheet but filed all of the actual documents in the case, in effect, the district court record. Since the appellant had not complied with the Rule 9(b) requirement that the docket sheet be filed, the Arkansas Supreme Court held that the circuit court did not have jurisdiction and upheld dismissal of the case. The amended rule allows perfecting the appeal either by filing a certified copy of the docket sheet or by filing a certified copy of the district court record (*See Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913 (Brown, J., concurring) (suggesting that revision of the rule to allow appeal by filing either the docket sheet or the record would eliminate the harsh result of the case.) 2010 Ark. 308, 365 S.W.3d 913).

District Court Rule 9 also required that, on appeal from district court, the plaintiff "shall file a complaint and plead all its claims in circuit court." However, the rule was silent on what happened if the plaintiff failed to plead again by filing a complaint in circuit court. If the defendant appealed and the plaintiff failed to file a complaint in circuit court, the lack of procedural guidance from the rule could leave the circuit court with the undesirable choice of either dismissing the plaintiff's case and awarding judgment to the defendant due to the failure of the plaintiff to follow the dictates of the rule or allowing the case to proceed despite lack of compliance with the rule's re-pleading requirement. A survey of circuit court practices in regard to the re-pleading requirement found no uniform approach in dealing with the re-pleading issue. To a limited extent, the 2013 decision of *Circle D Contractors, Inc. v. Bartlett* ameliorated the repleading dilemma by holding that "[t]he requirement that a plaintiff refile its complaint in circuit court is not jurisdictional; it is procedural, thus only substantial compliance is required." 2013 Ark. 131, at 3.

The amendment addresses the re-pleading problem by requiring that, on appeal by either party, a certified copy of the district court complaint or claim form must be filed with the circuit court clerk in addition to a certified copy of the district court docket sheet or the district court record. The amendment also provides that the filing in circuit court of the certified copy of the district court complaint or claim form constitutes the filing of the complaint for purposes of commencing the action in circuit court in accordance with the requirements of Arkansas Rule of Civil Procedure 3(a). After filing the certified copy of the district court complaint or the claim form, the case then proceeds in circuit court as prescribed by the Arkansas Rules of Civil Procedure with defendant filing its answer, motions, and claims within the time and manner prescribed by the rules and the plaintiff filing an amended complaint, if desired. This approach to resolving the re-pleading issue reinforces the view expressed in the 2008 *Addition to Reporter's Notes* that "appeals from district court are appellate in form but original in fact."

Although District Court Rule 9 required service of the appeal documents on all parties, the only method of service prescribed by the rule was by "any form of mail which requires a signed receipt." This single method of service made processing the appeal dependent on the person to be served signing the receipt for the mail. The revised rule provides several other methods of service in addition to service by signed return receipt mail. In addition, the rule provides that failure to serve the appeal documents does not affect the validity of the appeal.

District Court Rule 9 previously did not prescribe a time limit for service of the appeal documents (under the revised rule the appeal documents are certified copies of the district court docket sheet or district court record and a certified copy of the district court complaint or claim form). Subsection (b)(3) of the revised rule borrows the Arkansas Rule of Civil Procedure 4(i) 120-day time limit for service of summons as the time limit for service of the appeal documents. As with Ark. R. Civ. P. 4(i), the time limit may be extended upon motion and a showing of good cause made within 120 days of filing the suit or within the time period established by a previous extension.

The revision to District Court Rule 9 also addresses an issue that arose in the 2013 Court of Appeals decision of *Kankey v. State*, 2013 Ark. App. 68. In that case, within the time required for filing the record the appellant lodged what purported to be the complete, original district court record with the circuit court. However, the district-court record had not been certified when it was filed with the circuit court, although the district clerk later belatedly certified the record. The rule made no provision for belated preparation or certification of the district court record. The revised rule provides that if the clerk of the district court, after request, does not timely prepare or certify the record, a party may take an appeal by filing an affidavit with the circuit clerk within 40 days of the judgment showing that the appealing party requested preparation and certification of the record and that the clerk failed to do so within 30 days of the entry of the district court judgment. The filing of the affidavit gives the circuit court jurisdiction of the appeal and the circuit court may then order



the clerk of the district court to prepare, certify, and file the record in circuit court. The revision is based on similar procedure under Arkansas Rule of Criminal Procedure 36(d).

Several other minor changes to District Court Rule 9 are not substantive and are made to enhance the clarity of the rule and to delete rule language that the 2013 amendments rendered redundant, unnecessary, or confusing.

## E.  ADMINISTRATIVE ORDER No. 12 – OFFICIAL PROBATE FORMS

Note – Pursuant to Administrative Order No. 12, the supreme court has adopted official forms to regulate procedure in circuit court probate proceedings.   Official probate forms 12 and 13 and the Reporter's Notes to form 16 are revised to conform with substantive law changes.  The forms are published in the Arkansas Reports, 336 Ark. App'x  603 (1999) and on the Arkansas Judiciary website: (https://courts.arkansas.gov).

**Official Probate Form 12.**


[Caption]

NOTICE OF APPOINTMENT AS [ADMINISTRATOR] [ADMINISTRATRIX]

Last known address: _____

Date of Death: _____, _____

The undersigned was appointed [administrator] [administratrix] of the estate of _____, deceased, on [date].

All persons having claims against the estate must exhibit them, duly verified, to the undersigned within  six (6) months from the date of the first publication of this notice, or they shall be forever barred and precluded from any benefit in the estate.

This notice first published on [date].

_____
[Administrator] [Administratrix]

_____
[Mailing Address]

**Reporter's Notes to Form 12:**  See Ark. Code Ann. § 28-40-111. This form shall be used if no will was admitted to probate.



**Addition to Reporter's Notes, 2014 Amendment:** Official probate form 12 was revised to conform with substantive law changes.

**Official Probate Form 13.**

[Caption]

NOTICE OF APPOINTMENT AS [EXECUTOR] [EXECUTRIX] (OR [ADMINISTRATOR] [ADMINISTRATRIX] WITH WILL ANNEXED)

Last known address: _____

Date of Death: _____, _____

An instrument dated _____, _____ was admitted to probate on [date] as the last will of _____, deceased, and the undersigned has been appointed [executor] [executrix] (or [administrator] [administratrix]) thereunder. Contest of the probate of the will can be effected only by filing a petition within the time provided by law.

All persons having claims against the estate must exhibit them, duly verified, to the undersigned within six (6) months from the date of the first publication of this notice, or they shall be forever barred and precluded from any benefit in the estate.

This notice first published on [date].

_____
[Executor] [Executrix] [Administrator] [Administratrix]

_____
[Mailing Address]

**Reporter's Notes to Form 13**: See Ark. Code Ann. § 28-40-111. This form shall be used if a will was admitted to probate and a personal representative was appointed. The language in parentheses in the first paragraph should be substituted for the language immediately preceding it if the personal representative was not nominated in the decedent's will. The form to be used when a will is probated but no personal representative appointed may be found in Ark. Code Ann. § 25-40-111(c)(3). Because such proceedings are infrequent, no official form was adopted.

**Addition to Reporter's Notes, 2014 Amendment:** Official probate form 13 was revised to conform with substantive law changes.

**Official Probate Form 16.**

[Caption]



PETITION FOR AWARD OF STATUTORY ALLOWANCES

       **Reporter's Notes to Form 16 as Amended in 2014 to Conform with Substantive Law Changes**:  See Ark. Code Ann. §§ 28-39-101 to –104. The total value under "Itemized Description of Property" is limited to  $2,000 as against creditors and   $4,000 as against distributees. If minor children are not the children of the surviving spouse, the petition should be revised to reflect that the allowance vests in the surviving spouse to the extent of one–half thereof, and the remainder vests in the decedent's minor children in equal shares. Award for sustenance for a period of two months after death of decedent shall be a reasonable amount, not exceeding $1,000 in the aggregate. Ark. Code Ann. § 28-39-101(c). Beneath the signature line, the capacity of the petitioner should be identified (e.g., as the personal representative, the surviving spouse, or the guardian of minor children). If the petitioner is the guardian of minor children, the language in parentheses should be substituted for the language immediately preceding it.