

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-15-764

| | |
|---|---|
| ALBERT LEROY COOTS<br>CAROLYN SUE COOTS<br>　　　　　　　　　APPELLANTS<br><br>V.<br><br>ALEJANDRO BANDERA<br>SUSAN BANDERA<br>　　　　　　　　　APPELLEES | **Opinion Delivered:** September 7, 2016<br><br>APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[NO. CV-14-1527-5]<br><br>HONORABLE XOLLIE DUNCAN,<br>JUDGE<br><br>REVERSED |

## WAYMOND M. BROWN, Judge

Appellants appeal from the circuit court's grant of appellees' motion to dismiss their complaint. On appeal, they argue that the circuit court erred in failing to retroactively apply an amendment, effective July 1, 2014, clarifying Arkansas Rule of Civil Procedure 4(i). We reverse.

Appellants were involved in a motor-vehicle collision with a vehicle owned by appellees, but driven by Marco Antonio Duran-Duran, in Benton County, Arkansas, on August 22, 2009. Appellants filed their complaint on August 21, 2012 ("first complaint"). Appellants filed a motion for extension of time to complete service of the first complaint on December 11, 2012. The circuit court entered an order granting the motion on December 12, 2012, extending the time to perfect service until March 30, 2013. Appellants filed a second motion for extension of time on March 29, 2013. The second motion was granted on April 23, 2013, extending the time for service until June 30, 2013. Service was completed on May 7, 2013. Appellant nonsuited their first complaint on November 12, 2013.

In response to this court's holding in *Powell v. Fernandez*,[1] the Arkansas Supreme Court amended Arkansas Rule of Civil Procedure 4(i), effective July 1, 2014.[2] Appellants filed their complaint anew on November 12, 2014 ("second complaint"), asserting the same claims listed in their first complaint. Appellees filed a motion to dismiss the second complaint and a separate brief in support on March 20, 2015, on the grounds that appellants' second complaint was filed after the statute of limitations had expired.[3] In its May 27, 2015 order dismissing appellants' second complaint with prejudice, the circuit court found that "[t]he amendment to Rule 4(i) of the Arkansas Rules of Civil Procedure effective July 1, 2014, does not specifically state that it should be applied retroactively. Therefore, Rule 4(i) should not be given retroactive application." It then found that appellants failed to perfect service within 120 days of the date of filing of their first complaint pursuant to Arkansas Rule of Civil Procedure Rule 4(i), and granted the appellees' motion to dismiss. This timely appeal followed.

Appellants argue that the circuit court erred in declining to give the 2014 amendment to Rule 4 retroactive effect, and thereby, dismissing their second complaint. The first

---

[1] 2013 Ark. App. 595.

[2] *See In Re Amendments to Rules of Civil Procedure*, 2014 Ark. 119.

[3] The circuit court's order granting appellants' nonsuit was entered on November 12, 2013, at 8:58 a.m. Appellants' second complaint was filed on November 12, 2014, at 8:59 a.m. Appellees claimed appellants' complaint was filed one minute late; and therefore, was outside the statute of limitations. Appellees provided no authority then, or now, for its assertion that the statute of limitations was for exactly one year, to the minute, instead of to the day.

principle of retroactivity of legislation is that retroactivity is a matter of legislative intent.[4]

The general rule is that all legislation is presumed to apply prospectively unless the legislature

expressly declares, or necessarily implies by the language used, an intent to give a statute

retroactive effect.[5] We construe court rules using the same means and canons of construction

used to interpret statutes.[6]

Arkansas Rule of Civil Procedure 4(i), in pertinent part, formerly stated the

following:

> If a motion to extend is made within 120 days of the filing of the suit, the time for
> service may be extended by the court upon a showing of good cause. The order
> granting any such extension, however must be entered within 30 days after the
> motion to extend is filed, or by the end of the 120-day period, whichever date is
> later.[7]

Analyzing Arkansas Rule of Civil Procedure 4(i) in *Powell*, this court found the following:

> There is nothing in Rule 4 that addresses allowing multiple extensions to be obtained
> within the time of prior extensions—the only time limit in the rule is within 120
> days of the filing of suit. Powell's second extension was not filed within 120 days of
> the filing of suit; therefore, service was defective, and the default judgment was
> indeed void.[8]

---

[4] *English v. Robbins*, 2014 Ark. 511, at 7, 452 S.W.3d 566, 571 (citing *Archer v. Sisters of Mercy Health Sys., St. Louis, Inc.*, 375 Ark. 523, 294 S.W.3d 414 (2009)).

[5] *City of Cave Springs v. City of Rogers*, 343 Ark. 652, 660, 37 S.W.3d 607, 612 (2001) (citing *Woodhaven Homes, Inc. v. Kennedy Sheet Metal Co.*, 304 Ark. 415, 803 S.W.2d 508 (1991); *Ark. Rural Med. Pract. Student Loan & Scholarship Bd. v. Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987)).

[6] *Jackson v. Sparks Reg'l Med. Ctr.*, 375 Ark. 533, 537–38, 294 S.W.3d 1, 3 (2009) (citing *City of Fort Smith v. Carter*, 364 Ark. 100, 216 S.W.3d 594 (2005)).

[7] Ark. R. Civ. P. 4 (i)(2) (2013).

[8] 2013 Ark. App. 595, at 6.

Thereafter, the Arkansas Supreme Court Committee on Civil Practice recommended expedited consideration of an amendment to Arkansas Rule of Civil Procedure 4(i) in response to the decision in *Powell*. In its March 13, 2014 per curiam, the Arkansas Supreme Court adopted the recommended amendment noting that an explanation of the amendment appeared in the reporter's note.[9]

The reporter's note to the 2014 amendment of Rule 4(i) states that "the subdivision has been revised to make clear that a motion to extend the time for service is proper if filed within 120 days of the filing of the complaint or within the time period provided by a previous extension of time[,]" noting that while the subdivision did not address subsequent extensions, "they have long been considered proper."[10] The reporter's note states that the amendment to Rule 4(i) overruled the holding in *Powell*.

Arkansas Rule of Civil Procedure 4 was amended to state the following regarding the time limit for service:

> (2) The court, upon written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing of the suit or within the time period established by a previous extension. To be effective, an order granting an extension must be entered within 30 days after the motion to extend is filed, by the end of the 120-day period, or by the end of the period established by the previous extension, whichever date is later.[11]

---

[9] *See In Re Amendments to Rules of Civil Procedure*, 2014 Ark. 119.

[10] Citing *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). *See also Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004); *Wilkins v. Food Plus, Inc.*, 99 Ark. App. 64, 257 S.W.3d 107 (2007).

[11] Ark. R. Civ. P. 4(i)(2) (2014).

By its amendment to Arkansas Rule of Civil Procedure 4(i), the Arkansas Supreme Court expressly stated the previous, implicitly granted right to multiple extensions to perfect service beyond the 120-day period from filing the suit, so long as the motion for the same was filed before expiration of the time granted on a previous extension. Accordingly, it did not create a new right, but clarified, as stated in the Reporter's Note, the scope of an already-existing right, and thereby, overruled *Powell*. We hold that the 2014 amendment to Arkansas Rule of Civil Procedure 4(i) was meant to be applied retroactively and the circuit court erred in failing to do so.

Reversed.

GLADWIN, C.J., and HOOFMAN, J., agree.

*The Nixon Law Firm*, by: *Theresa L. Pockrus*, for appellants.

*Wilkinson Law Firm*, by: *Randall Wakefield*, for appellees.