Cite as 2024 Ark. App. 408

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-23-488

| | |
|---|---|
| SPA CITY LODGING, LLC<br>APPELLANT<br><br>V.<br><br>GARLAND COUNTY, ARKANSAS;<br>GARLAND COUNTY BOARD OF<br>EQUALIZATION; AND SHANNON<br>SHARP, IN HER OFFICIAL<br>CAPACITY AS GARLAND COUNTY<br>TAX ASSESSOR<br>APPELLEES | **Opinion Delivered** September 4, 2024<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26CV-22-1391]<br><br>HONORABLE MARCIA R.<br>HEARNSBERGER, JUDGE<br><br>REVERSED AND REMANDED |

## WENDY SCHOLTENS WOOD, Judge

The issue in this case is whether a circuit court may summarily decide an appeal from a county court without first establishing a schedule for discovery, motions, and trial pursuant to Arkansas District Court Rule 9 (Rule 9). We hold that by affirming the county court's decision without allowing discovery, motions, or a trial, the Garland County Circuit Court failed to comply with Rule 9. Accordingly, we reverse and remand.

Spa City Lodging, LLC (Spa City) owns property in Garland County, which the Garland County Tax Assessor (Assessor) valued at $8,587,450. Pursuant to Arkansas Code Annotated section 26-27-317 (Repl. 2020), Spa City applied to the Garland County Board of Equalization (BOE) for a downward adjustment of the assessment, which the BOE denied. Spa City then appealed the BOE's denial to the Garland County Court pursuant to

Arkansas Code Annotated section 26-27-318 (Repl. 2020). After conducting a hearing, the county court entered an order on November 15, 2022, denying Spa City's request for relief and affirming the market value of the property as determined by the Assessor and the BOE.

On December 14, Spa City filed in the Garland County Circuit Court a notice of appeal, certified copies of the judgment and record from the county court, and a complaint against Garland County, the BOE, and the Assessor (collectively, appellees). Spa City's complaint alleged that jurisdiction and venue were proper in the circuit court pursuant to Rule 9(c). The complaint further alleged that the action constituted a "de novo appeal" of the county court's order denying its request for relief and affirming the market value established by the Assessor and the BOE. Spa City asserted that it had proved and would prove by a preponderance of the evidence that the true market value of its property is $6.7 million or less.

On January 24, 2023, appellees filed an answer denying Spa City's allegations that its property had been improperly valued by the Assessor and the BOE. Appellees asked that the circuit court affirm the county court's decision and dismiss Spa City's complaint with prejudice.

On March 15, the circuit court filed a letter opinion noting that the case was an "administrative appeal" and providing that "[a]fter considering the complete file, pleadings and all applicable law, the court makes the following findings. THE COURT FINDS the decision of the Garland County Court upholding the Board of Equalization is AFFIRMED." On March 21, the circuit court entered an order affirming the county court's

decision upholding the decision of the BOE, stating again that the court was deciding an "administrative appeal."[1]

On March 31, Spa City moved for a new trial pursuant to Arkansas Rule of Civil Procedure 59(a)(1), (6), and (8) because it was not allowed to conduct discovery or have a trial on the merits of its case. Specifically, Spa City argued that the circuit court's error constituted an irregularity in the proceedings that prevented it from having a fair trial, the decision was contrary to Rule 9(c)(3), and the failure to comply with Rule 9(c)(3) was an error of law. In their response, appellees admitted that Spa City did not conduct discovery or have a trial in the circuit court but asserted that Spa City had the opportunity for discovery and a trial in the BOE and county court actions.

On April 19, Spa City filed a notice of appeal from the circuit court's March 21 order. On May 1, Spa City's motion for new trial was deemed denied when the circuit court did not rule on it within thirty days (April 30 was a Sunday). Ark. R. App. P.–Civ. 4(b)(1) (2023). Spa City did not file an amended notice of appeal.

Spa City raises two points on appeal. The first challenges the circuit court's March 21 order affirming the county court's decision without first establishing a schedule for

---

[1]Between the time of the circuit court's March 15 letter opinion and the entry of its March 21 order, Spa City moved for reconsideration, arguing that Rule 9 required the circuit court to establish a schedule for discovery, motions, and trial "[a]s soon as practicable after the pleadings are closed"; the pleadings closed on January 24, 2023; the court did not establish a schedule; and the court ruled on Spa City's appeal in contravention of this requirement. The motion was deemed denied and has not been appealed. Nevertheless, because Spa City perfected a Rule 9 appeal from the county court to the circuit court, the applicability of Rule 9's provisions to the March 21 order affirming the county court is properly before us.

discovery, motions, and trial as required by Rule 9.[2] We construe court rules using the same means, including canons of construction, as are used to construe statutes. *Velek v. State*, 364 Ark. 531, 533, 222 S.W.3d 182, 184 (2006). We review issues of statutory construction de novo because it is for this court to determine what a statute or rule means. *Motor Cars of Nashville, Inc. v. Chronister*, 2014 Ark. App. 430, at 3, 439 S.W.3d 101, 103.

Spa City argues that the March 21 order must be reversed because the circuit court failed to comply with the provisions of Rule 9(c) & (e). Rule 9 is titled, "Appeals to Circuit Court," and although subsections (a), (b), (c), and (d) address appeals taken from district court to circuit court,[3] Rule 9 also includes a special provision for appeals taken from county court to circuit court:

> Unless otherwise provided in this subdivision, the requirements of subdivisions (a), (b), (c), and (d) govern appeals from county court to circuit court. A party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. A certified copy of the county court's final judgment must be attached to the notice of appeal. In the circuit-court proceeding, the party who was the petitioner or plaintiff in county court shall have all the obligations of the plaintiff in a case that has been appealed from district court to circuit court. If there were no defendants in the county-court proceeding, then the petitioner/plaintiff shall name all necessary, adverse parties as defendants in its complaint filed in circuit court.

---

[2]Rule 9 specifically applies to a tax-assessment appeal from county court to circuit court. Ark. Dist. Ct. R. 1(b) (2023).

[3]Rule 9(a), (b), (c), and (d) discuss the time for taking an appeal from district court to circuit court, how to appeal from district court, the procedure on appeal from district court, and supersedeas bonds on appeal from district court, respectively. Ark. Dist. Ct. R. 9(a)–(d).

4

Ark. Dist. Ct. R. 9(e) (2023).[4] Rule 9(c), which applies to appeals taken from county court to circuit court, provides that "the parties shall assert all their claims and defenses in circuit court" and that "[a]s soon as practicable after the pleadings are closed, the circuit court *shall* establish a schedule for discovery, motions, and trial." Ark. Dist. Ct. R. 9(c)(1), (3) (emphasis added). "Shall" is mandatory. *Benca v. Martin*, 2016 Ark. 359, at 12–13, 500 S.W.3d 742, 750.

Moreover, except as modified by Rule 9, the Arkansas Rules of Civil Procedure govern circuit court proceedings on appeals from county court "as if the case had been filed originally in circuit court." Ark. Dist. Ct. R. 9(c)(4), (e). The notes to Rule 9 provide that the circuit court "should handle the case like any other matter pursuant to the Arkansas Rules of Civil Procedure" and that "appeals from district court [and county court] are appellate in form but original in fact." Ark. Dist. Ct. R. 9 addition to rep. notes 2008 amend.

Considering these rules, we hold that the circuit court erred in failing to treat this case as a de novo appeal from a county court pursuant to Rule 9(c) & (e). Because the appeal from county court to circuit court was "appellate in form but original in fact," a schedule for discovery, motions, and trial was required by Rule 9(c).

The circuit court treated this case as an "administrative appeal," specifically designating it as such and stating that it had considered the file, pleadings, and law before making its decision. However, the case at bar is not an administrative appeal. *But see Mountain Pure, LLC v. Little Rock Wastewater Util.*, 2011 Ark. 258, at 7, 383 S.W.3d 347,

---

[4]Pursuant to Rule 9(e), Spa City properly filed a notice of appeal with the clerk of the circuit court within thirty days from the county court's November 15, 2022 order and attached the county court's final judgment to the notice.

353 (holding that an appeal from Little Rock Wastewater to circuit court is administrative in nature, governed by Rule 9(f), and reviewed using the standard of review used for appeals of administrative agency decisions); Ark. Dist. Ct. R. 9(f).[5]

The distinction between an appeal taken from county court and an administrative appeal is important. A party appealing a county court's order is entitled to a de novo appeal that includes a schedule for discovery, motions, and trial. Ark. Dist. Ct. R. 9(c)(1), (3). In contrast, the review of administrative agency decisions is limited in scope. The circuit court is required only to "establish a schedule for briefing, hearings, and any other matters needed to resolve the appeal" after all the parties have made their initial filing of record materials. Ark. Dist. Ct. R. 9(f)(2)(C). Additionally, the standard of review in administrative appeals to be used by the circuit court (and the appellate court) is the same standard of review for appeals of administrative agency decisions: whether substantial evidence supports the agency's findings. *Mountain Pure LLC*, 2011 Ark. 258, at 7–8, 383 S.W.3d at 353.

Because the circuit court failed to comply with Rule 9, we reverse and remand for further proceedings.[6] In light of this holding, we need not address Spa City's second point on appeal challenging the deemed denial of its motion for new trial.

---

[5]Rule 9(f), titled "Administrative Appeals," discusses appeals taken from the final decision of any governmental body or agency to circuit court. Ark. Dist. Ct. R. 9(f). Rule 9(f) provides that if an applicable statute provides a method for filing an appeal from a final decision of any governmental body or agency and a method for preparing the record on appeal, then the statutory procedures shall apply. Ark. Dist. Ct. R. 9(f)(1). However, if no statute addresses how a party may take such an appeal or how the record shall be prepared, then the procedures set forth in Rule 9(f) for the filing of a notice of appeal, the filing of the record on appeal, and the procedure on appeal apply. Ark. Dist. Ct. R. 9(f)(2)(A)–(C).

[6]We note that appellees state in their brief on appeal that they agree that Rule 9 is the controlling authority, the circuit court ruled "sua sponte" on the merits, and they "do

6

Reversed and remanded.

VIRDEN and BROWN, JJ., agree.

*Newland & Associates, PLLC*, by: *Joel F. Hoover* and *W. Evan Lawrence*, for appellant.

*John Howard*, Garland County Attorney, for appellees.

---

not object to an order reversing and remanding for proceedings in accordance with Rule 9."