Cite as 2024 Ark. App. 539

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-394

| | |
|---|---|
| RACHEL HAWKINS-LUCKETT, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EULA MAE HAWKINS, DECEASED | Opinion Delivered November 6, 2024 |
| APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CV-22-63] |
| V. | HONORABLE ROBERT B. GIBSON III, JUDGE |
| CROSSETT HEALTH FOUNDATION; LON BITZER, M.D.; CHINEDU EDE, M.D.; REBECCA WEST, R.N.; DANA CROSS, L.P.N.; CAROLYN WATT, R.N.; AND REBECCA LEDBETTER, L.P.N. APPELLEES | |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Appellant, Rachel Hawkins-Luckett ("Hawkins-Luckett"), individually and as personal representative of the estate of Eula Mae Hawkins ("Hawkins"), filed her complaint against multiple defendants: Crossett Health Foundation; Lon Bitzer M.D.; Chinedu Edu, M.D.; Rebecca West, R.N.; Dana Cross, L.P.N.; Carolyn Watt, R.N.; and Rebecca Ledbetter, L.P.N. (collectively, the appellees; referred to separately as the "Hospital Appellees" and the "Doctor Appellees"). The complaint alleged medical negligence during Hawkins's medical

care in March and April 2020. After a hearing on January 23, 2023, the circuit court dismissed the case with prejudice due to the two-year statute of limitations for medical-malpractice claims. On appeal, Hawkins-Luckett argues this was in error. For the following reasons, we affirm.

The relevant facts for purposes of this appeal involve whether Hawkins-Luckett ever properly served appellees with the complaint. Hawkins passed away on April 3, 2020, after receiving care on April 2–3, 2020, from the Hospital Appellees and the Doctor Appellees. As personal representative of Hawkins's estate, Hawkins-Luckett filed a complaint on March 31, 2022, for medical malpractice alleging negligence against the Hospital Appellees and the Doctor Appellees. Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, Hawkins-Luckett had 120 days, or until July 29, 2022, to complete service on the appellees.

On July 28, 2022, Hawkins-Luckett filed a motion to extend the time for service. In her motion, she acknowledged that the time for service was to expire the following day. She then stated, "Plaintiff has been unable to obtain service," and "Plaintiff has a process server that has attempted service on the Defendants," but "he has not been able to obtain service on all of the Defendants." Hawkins-Luckett claimed "good cause" existed to extend the time for service and requested an additional sixty days. On August 3, 2022, the circuit court granted the extension. Hawkins-Luckett then served Crossett Health Foundation on August 11, 2022. Hawkins-Luckett never served the remaining Hospital Appellees or the Doctor Appellees.

Both the Hospital Appellees and the Doctor Appellees filed motions to dismiss. Several appellees, including Dr. Bitzer, also filed responses to the motions to extend service time as well as motions to set aside the original order for an extension.

The circuit court held a hearing on all pending motions on January 23, 2023. At the hearing, counsel for Hawkins-Luckett stated, "We would concede that Dr. Bitzer has not been served." After considering arguments from all parties, the circuit court reversed its original order granting an extension of time to serve, and on the basis of the statute of limitations, dismissed the case with prejudice against all of the appellees. The court found no good cause existed and orally ruled in favor of the appellees.

In an order of dismissal entered February 9, 2023, the circuit court granted the Hospital Appellees' and the Doctor Appellees' motions. In the order, the court vacated its August 3, 2022 order extending the deadline for service. It then found that Crossett Health Foundation was served after the 120-day period and that such service was "untimely and ineffective." The court further found that appellees West, Cross, Watt, Ledbetter, and the Doctor Appellees were never served and that the service time had expired. Ultimately, the court dismissed all claims against all appellees with prejudice because the statute of limitations had expired. This timely appeal follows.

This court reviews the circuit court's decision on a motion to dismiss a complaint for lack of compliance with Arkansas Rule of Civil Procedure 4(i) for abuse of discretion. *Nobles v. Tumey*, 2010 Ark. App. 731, at 11, 379 S.W.3d 639, 647. "An abuse of discretion means discretion improvidently exercised, i.e., exercised thoughtlessly and without due

3

consideration." *Sw. Bell Yellow Pages, Inc. v. Pipkin Enters., Inc.*, 359 Ark. 402, 404, 198 S.W.3d 115, 117 (2004).

We first note that Hawkins-Luckett concedes that she did not serve Dr. Bitzer with the complaint. In her brief, she presents two arguments. First, she argues that the order granting her first motion for extension should not have been overturned and, second, that the dismissal should have been without prejudice because she had attempted service on the other defendants. Neither argument impacts the circuit court's dismissal with prejudice of Hawkins-Luckett's claims against Dr. Bitzer.[1] In any litigation with multiple parties, each defendant's rights are determined separately "as if each were a separate lawsuit." AMI Civ. 110 (2023). "Service of valid process is necessary to give a court jurisdiction over a defendant." *McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33.

Because Hawkins-Luckett failed to demonstrate good cause for the extension, the court correctly vacated the extension order. Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, Hawkins-Luckett had 120 days, or until July 29, 2022, to serve the Hospital Appellees. Rule 4(i) further provides that a plaintiff may make a motion within the 120-day period to extend time for service. "Two things are required to obtain an extension for the period of service: (1) the timely filing of a motion for extension, and (2) a showing of good cause." *Baylark v. Helena Reg'l Med. Ctr.*, 2012 Ark. 405, at 5 (citing *Henyan v. Peek*, 359 Ark. 486, 493, 199 S.W.3d 51, 54 (2004)). Here, although Hawkins-Luckett filed a timely motion

---

[1]Dr. Bitzer filed a separate brief "out of an abundance of caution."

for extension, the motion makes only three statements, and none of them established good cause to extend the time for service.

First, Hawkins-Luckett stated, "Plaintiff has been unable to obtain service." This statement provides no explanation concerning what, if anything, Hawkins-Luckett did to attempt service. Among other deficiencies, it fails to state when service was attempted, where it was attempted, upon whom it was attempted, and why it could not be accomplished. The statement is void of factual support and is wholly conclusory.

Second, Hawkins-Luckett stated, "Plaintiff has a process server that has attempted service on the Defendants," but "he has not been able to obtain service on all of the Defendants." This statement fails to identify the process server, when Hawkins-Luckett provided him the service papers, where he went to serve appellees, when he attempted service, which appellees "he has not been able to" serve, or what obstacles he encountered that prevented service. It simply does "not detail the efforts made." *See McCue v. Dominguez*, 2022 Ark. App. 332, at 9–10, 653 S.W.3d 372, 378 (no good cause where plaintiffs merely stated they "have continued to attempt to locate and serve the Defendants, without success, as of this time," they "are in the process of serving [defendant]," and "the parties were attempting to negotiate a settlement"). Third, she claimed "good cause" existed to extend the time for service and requested an additional sixty days. However, these assertions are completely conclusory, and without merit.

Hawkins-Luckett thus has failed to demonstrate good cause, and the court was within its discretion to vacate the extension order. *See Baylark*, 2012 Ark. 405, at 1. Hawkins-

Luckett's reliance on briefing that occurred after the motion for extension suffers the same fate. *See Henyan*, 359 Ark. 486, 199 S.W.3d 51 (affirming circuit court's setting aside of extension order where extension motion failed to demonstrate good cause); *McCue*, 2022 Ark. App. 332, at 10, 653 S.W.3d at 378 (circuit court did not err in setting aside extension orders where no good cause was established, "notwithstanding the previous findings of good cause in the orders granting those extensions"); *Wilkins v. Food Plus, Inc.*, 99 Ark. App. 64, 257 S.W.3d 107 (2007) (circuit court did not abuse its discretion in setting aside extensions and dismissing the complaint because there was no good cause, where in the motion for extension, plaintiff claimed that process server had been unsuccessful in serving process).[2]

Hawkins-Luckett did not complete or even attempt service of process within the original 120-day period required by Rule 4(i). Both in her motion for extension and at the hearing, Hawkins-Luckett admitted that service was not achieved in the original 120-day period. ("Plaintiff has been unable to obtain service" and "we were not able to get good service . . . .") When service is not completed within the 120-day period or within a valid extension, dismissal is "mandatory." *See Wilkins*, 99 Ark. App. at 68, 257 S.W.3d at 111 (citing *Tobacco Superstore, Inc. v. Darrough*, 362 Ark. 103, 207 S.W.3d 511 (2005)). Therefore, the court properly exercised its discretion by dismissing Hawkins-Luckett's complaint.

Further, the court correctly dismissed the case with prejudice because the statute of limitations had expired. The statute of limitations for medical malpractice is two years. Ark.

---

[2]Furthermore, Hawkins-Luckett's citation to *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000) is not only distinguishable but also not preserved.

Code Ann. § 16-114-203 (Repl. 2016) (stating all actions for medical injury must be brought within two years after the cause of action accrues and that the date of accrual is "the date of the wrongful act complained of and no other time"). Hawkins died on April 3, 2020; any purported malpractice had to have occurred on or before that date; thus, the statute of limitations expired no later than April 3, 2022.

Hawkins-Luckett did not complete service on the Hospital Appellees within Rule 4's 120-day period, nor did she obtain a valid extension. Therefore, she does not receive the benefit of the savings statute, the statute of limitations had expired, and the case is barred. *See Green v. Wiggins*, 304 Ark. 484, 488, 803 S.W.2d 536, 539 (1991) (affirming dismissal on the basis of the statute of limitations and stating that where the plaintiff "failed to meet the service requirements" of Rule 4, "he also failed to commence the action so as to effectuate the one-year savings provision provided in Ark. Code Ann. § 16-56-126"). As such, we affirm both the circuit court's dismissal of the complaint for insufficiency of service of process and its dismissal with prejudice because the statute of limitations had expired.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *T. Michelle Ator* and *Martin A. Kasten*, for separate appellees Crossett Health Foundation; Rebecca West, R.N.; Dana Cross, L.P.N.; Carolyn L. Watt, R.N.; and Rebecca Ledbetter, L.P.N.

*Reece Moore McNeill Pendergraft*, by: *Paul D. McNeill* and *Dustin R. Darst*, for separate appellee Dr. Lon Bitzer.

*Friday, Eldredge & Clark, LLP*, by: *Martin A. Kasten* and *Bradley S. Runyon*, for separate appellee Dr. Chinedu Ede.