Cite as 2025 Ark. App. 313

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-24-154

| | |
|---|---|
| MARY BRAZIL | Opinion Delivered  May 21, 2025 |
| APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-22-910] |
| V. | |
| MODERN HOME CONCEPTS OF ARKANSAS | HONORABLE MAC NORTON, JUDGE |
| | AFFIRMED |
| APPELLEE | |

**N. MARK KLAPPENBACH, Chief Judge**

This appeal concerns the dismissal of a pro se appeal from district court to circuit court. We affirm the circuit court's order dismissing appellant's appeal.

Modern Home Concepts of Arkansas (MHC) sued Mary Brazil in district court for an unpaid balance on a construction contract. Mary denied she owed MHC money and counterclaimed for, among other things, the cost of repairs not done and inadequately done. In October 2022, the district court entered a judgment in favor of MHC, finding that Mary owed $8,766.50; Mary's counterclaim was denied and dismissed. In November 2022, Mary timely appealed to circuit court, but she did not serve MHC a copy of her appellate documents within 120 days of her filing the appeal. It is undisputed that the 120 days expired in March 2023. In October 2023, MHC filed a motion seeking to dismiss Mary's appeal because Mary failed to perfect service on MHC. The circuit court agreed with MHC

and dismissed Mary's appeal for lack of jurisdiction. Mary moved for reconsideration and set out her reasons for failing to serve the opposing side within 120 days. However, her request was made many months after the 120 days had expired. The circuit court entered an order dismissing Mary's appeal, and Mary appeals the circuit court's order to this court.

In this one-brief appeal, Mary presents three points for reversal: (1) that she demonstrated good cause to establish excusable neglect for her failure to serve the opposing side within 120 days; (2) that her exigent circumstances were the reason she did not and could not have asked for an extension within those 120 days; and (3) that the circuit court was biased, or appeared biased, against her. These reasons, Mary argues, entitle her to reversal of the order dismissing her appeal to circuit court. We disagree.

An appellate court always has the power and duty to determine whether jurisdiction exists. *Motal v. Doe*, 2024 Ark. App. 162, 686 S.W.3d 558. Failure to establish jurisdiction at the circuit-court level forecloses a finding of jurisdiction to consider the merits in the appellate court. *See Roberson v. State*, 2010 Ark. 433.

Arkansas District Court Rule 9(b) governs the method of appealing from district to circuit court. We construe court rules using the same means, including canons of construction, that are used to construe statutes. *Spa City Lodging, LLC v. Garland Cnty.*, 2024 Ark. App. 408, 698 S.W.3d 386. The current version[1] of Rule 9(b)(1) provides, as applicable

---

[1]The Arkansas District Court Rules have been amended over the years in an effort to eliminate confusion and difficulty in pursuing an appeal from district court to circuit court. The current version of Rule 9 has been in effect since July 2014.

in the present situation, that the appealing party "shall serve" the opposing party with district-court-appeal papers by enumerated methods of service. "Shall" is mandatory. *Spa City*, *supra*. Mary concedes that she failed to serve MHC in compliance with Rule 9(b)(1).

Rule 9(b)(3) provides in relevant part:

> If service . . . is not made within 120 days after filing the district court [appeal]. . . or within the time period established by an extension granted pursuant to this subdivision, the action shall be dismissed without prejudice upon motion or upon the court's initiative. The court, upon written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing [the appeal with circuit court].

Two things are required to obtain an extension for the period of service: (1) the timely filing of a motion for extension and (2) a showing of good cause. *Hawkins-Luckett v. Crossett Health Found.*, 2024 Ark. App. 539, 701 S.W.3d 781.

Mary did not serve the opposing party the necessary papers and failed to request an extension within the 120-day window. She presented her reasons for failing to abide by this rule, but her request was made months after the 120-day period had expired. At that point, her reasons for failure to serve the opposing side were not relevant. Rule 9(b)(3)'s wording, specifically the word "shall," mandated the circuit court's dismissal of Mary's appeal. The circuit court did not err, so we affirm its order.

Mary's final point on appeal accuses the circuit court of bias or the appearance of bias. However, this issue is not preserved for appellate review because it is raised for the first time on appeal. *See Terry v. White*, 374 Ark. 366, 288 S.W.3d 194 (2008); *Watkins v. Adams*,

3

2021 Ark. App. 248, 627 S.W.3d 430. There is no circuit court ruling for us to review on appeal, so this argument presents no reversible error.

Affirmed.

GLADWIN and TUCKER, JJ., agree.

*Mary Brazil*, pro se appellant.

One brief only.